**John HASSENFLU and James Howell, Plaintiffs-Appellants,**

v.

**William A. PYKE et al., Defendants-Appellees.**

**No. 73–2388.**

United States Court of Appeals, Fifth Circuit.

April 1, 1974.

James G. Clement, Irving, Tex., for plaintiffs-appellants.

Emory L. White, Jr., Dallas, Tex., for Pyke, and others.

Bert Bader, Dallas, Tex., for Yarborough and Stephens.

Robert N. Corey, pro se.

James S. Robertson, Jr., Dallas, Tex., for Brown, Allen & Co.

Anthony Atwell, Dallas, Tex., for Hardin.

Before RIVES, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

John Hassenflu and James Howell, the appellants, alleging a securities fraud

brought suit against nine defendants. The nine defendants included eight directors and officers of the World Computer Corporation of Dallas, Texas and a brokerage firm. Summary judgment was granted in favor of five of the nine defendants, and the propriety of that order is not contested. Additionally, the cause of action was dismissed with prejudice against the remaining four defendants because of the conduct by the appellants' counsel.[1]

The only facts of record are those stated in the trial court's order. At oral argument counsel for all parties recognized the sparsity of the record, and they were fully cooperative in giving their version of the events that transpired. It is inappropriate, however, to base an appellate opinion on assertions dehors the record. Therefore, we do not pass judgment upon the conduct of the appellants' attorney. Nor shall we·express an opinion as to what disciplinary action may be proper. These are matters to be considered by the district court after a hearing.

We do conclude that dismissal of the complaint with prejudice is essentially punishing the appellants. Dismissal effectively denies them an opportunity to maintain their action. There is no indication that the appellants had any knowledge of or participation in the alleged derelictions of counsel.[2] While we recognize a district court's authority to supervise and control its docket, parties should not be punished for their counsel's neglect except in extreme and unusual circumstances. Dismissal of a complaint with prejudice is a drastic remedy.[3]

The order of dismissal is accordingly vacated and the case is remanded to the district court with directions to restore the case to the court's trial docket. The district court, in its sound discretion, may impose such reasonable sanctions upon counsel for appellants as are appropriate after a proper hearing.

The cost of this appeal will be taxed one-half to appellants and one-half to appellees.

Vacated and remanded with directions.

---

1. The trial court's order provides:

As to Defendants Pyke, Corey, Yarborough and Stephens the court is of the opinion that these Defendants should be dismissed for the following reasons:

A hearing on the Motions for Summary Judgment was set for April 6, 1973 at 9:00 A.M. by an Order of this court. The case was set for trial on April 23, 1973. On the afternoon of April 5, 1973, this court was notified by Plaintiffs' [Appellants'] counsel that an agreement had been reached on all the Motions for Summary Judgment. Plaintiffs' counsel further informed the court that because of this accord, the set hearing was not unnecessary. [sic] The court assented to this request and suggested the Plaintiffs' counsel notify all other counsel in this case that the hearing on the Motions for Summary Judgment would be cancelled because of this accord. Plaintiffs' counsel replied that all other counsel had already been notified that the hearing was cancelled. On April 6, 1973 at 9:00 A.M., all counsel, except Plaintiffs' counsel, appeared in the court's chambers apparently ready to argue the Motions for Summary Judgment. None of them were notified that the hearing had been cancelled, nor that an accord had been reached on all the Motions for Summary Judgment. This fact was substantiated by letter to this court dated April 6, 1973 from Plaintiffs' counsel. As a result of the foregoing, the disposition of this case has been delayed at the expense and time of the Defendants [Appellees].

2. *See* Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir. 1968).

3. *See* Canada v. Mathews, 449 F.2d 253, 255 (5th Cir. 1971). The court stated, "[D]ismissal with prejudice is warranted only in extreme circumstances and only after the Trial Court, in the exercise of its unquestionable authority to control its own docket, has resorted to 'the wide range of lesser sanctions which it may impose upon the litigant or the derelict attorney, or both.'" (footnotes omitted). *Also see* Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967); Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972).