**James GRAVES, Plaintiff-Appellant,**

v.

**KAISER ALUMINUM & CHEMICAL CO. et al., Defendants-Appellees.**

No. 75–3757
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 22, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Keith A. Rodriguez, New Orleans, La., for plaintiff-appellant.

Paul B. Deal, Albert H. Hanemann, Jr., New Orleans, La., for defendants-appellees.

John C. Falkenberry, Birmingham, Ala., Jerry L. Gardner, New Orleans, La., for Local 13000.

Before AINSWORTH, CLARK and RONEY, Circuit Judges:

PER CURIAM:

On May 4, 1973, Graves instituted this employment discrimination action against defendants. For over a year thereafter, the litigants engaged in pre-trial discovery. During this period, defendants were granted three extensions of time to file responsive pleadings and answers to plaintiff's interrogatories. On February 27, 1975, plaintiff's original attorney was allowed to withdraw from the case. Plaintiff personally attended a status conference held on March 19, 1975. The only action taken by the court at this meeting was to schedule the pre-trial conference for September 3, 1975 and to fix the trial date for September 25, 1975. A minute entry to that effect was filed March 25, 1975 and sent to plaintiff and all counsel along with the usual pre-trial notice. The notice instructed plaintiff to file a proposed pre-trial order after conferring with defendants at least 10 days prior to the pre-trial conference date. By minute entry dated August 15, 1975, the trial judge changed the pre-trial conference from September 3 to September 2. When no one appeared on behalf of plaintiff at the newly scheduled conference and no proposed order was filed, the trial court dismissed the action with prejudice.

In his appellate brief, plaintiff's new counsel challenges the dismissal and attempts to excuse both his client's and his own inaction by outlining a succession of "extenuating circumstances" that prevented total compliance with the court's orders. Since these excuses are not part of the record and are more properly considered pursuant to a Fed.R. Civ.P. 60(b) motion in the district court, they can play no part in our decision. Thus the sole question for review is whether on the record before us, the trial court abused its discretion by applying the sanction of dismissal for plaintiff's dual failure to appear and file a timely proposed order.

This court has recognized that a dismissal with prejudice is a serious remedy that may be resorted to only in extreme situations where there is "a clear record of delay or contumacious conduct by the plaintiff." *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974), *citing Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). Absent such a showing, the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance and expedite the proceedings.

The record does not reflect that the plaintiff or his attorney were guilty of such misconduct as would justify a

dismissal with prejudice in this case. There is no evidence that prior to the date of the pre-trial conference, plaintiff engaged in dilatory tactics or failed to prosecute his case in anything but an orderly manner. On September 2 the court had no reason to believe that plaintiff's failure to comply with his orders resulted from intentional misconduct as opposed to a mix-up in dates or some other less culpable mistake. In *E. F. Hutton & Co. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972), we vacated a default judgment entered as a result of defendant's failure to appear at a scheduled pre-trial conference, reasoning that, without more, such drastic action amounted to an abuse of the trial court's discretion. *See also Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir. 1968), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1969). The facts as developed to this point in this case compel a similar disposition. On remand, the trial court may of course decide to impose sanctions short of dismissal on either plaintiff or his counsel on the basis of the present record or may develop the record more fully and be governed according to what that further development may show. We reverse the dismissal order and remand with directions to reinstate the cause.

Reversed and remanded.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.