**Wayne RAMSAY, Plaintiff-Appellant,**

**v.**

**James BAILEY, M. D., et al., Defendants-Appellees.**

No. 75–4213
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 12, 1976.

---

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Wayne Ramsay, pro se.

Thomas H. Sharp, Jr., J. Michael Myers, San Antonio, Tex., for James Bailey, M.D.

John L. Hill, Atty. Gen., Roland Allen, Asst. Atty. Gen., Austin, Tex., for T. Armour Ball.

David M. Kendall, Jr., 1st Asst. Atty. Gen., Elizabeth Levatino, Asst. Atty. Gen., Austin, Tex., for T. Armour Ball and Robert E. Pugh.

Ted Butler, Dist. Atty., Norris W. Yates, Jr., Asst. Dist. Atty., San Antonio, Tex., for Robert E. Pugh.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM:

Wayne Ramsay, a licensed attorney appearing *pro se,* appeals from the dismissal of his § 1983 action against Dr. James Bailey and others who were involved in bringing about his commitment to a mental institution in 1969. The action, filed in April of 1972, progressed little in the following three years and was dismissed once for want of prosecution, though it was later reinstated. The appeal now before us arises out of a motion for discovery of plaintiff's personal diaries. After plaintiff failed to make proper response to the motion for six months, the district court ordered him to produce the diaries. When he failed to do so, the court on September 19, 1975, dismissed the action with prejudice for want of prosecution.

Ramsay recognizes, as he must, that portions, at least, of his diaries are relevant to the subject matter of his lawsuit. He also correctly acknowledges that there is no judicially recognized or statutory privilege for personal diaries. He argues, however, that a constitutional right to privacy encompasses the right to keep one's diaries confidential and that any court order requiring their production violates the Fourth Amendment as an "unreasonable" seizure. Alternately, Ramsay contends that the order to produce the diaries violates the Fifth Amendment's guarantee against forced self-incrimination.

However novel and interesting may be these constitutional claims, it is our duty to decide this case on other grounds if possible. *E.g., Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135 (5 Cir. 1973). We find that such a decision is not only possible but required on the facts of this case.

The district court in this case acted under Rule 41(b) to dismiss the action for want of prosecution. The power to do so is inherent in the court, *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064 (5 Cir. 1970), and may be exercised *sua sponte* whenever necessary to "achieve the orderly and expeditious disposition of cases". 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89; *see Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885 (5 Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). Although the power should be used quite sparingly and only when less drastic alternatives have been explored, *Hassenflu v. Pyke,* 491 F.2d 1094 (5 Cir. 1974); *Mann v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 488 F.2d 75 (5 Cir. 1973); *Canada v. Matthews,* 449 F.2d

253 (5 Cir. 1971), its exercise is committed to the discretion of the court and will be overturned only where there is an abuse of discretion. *See, e. g., Provenza v. H & W Wrecking Co.,* 424 F.2d 629 (5 Cir. 1970); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2376, at 248. Even having full regard for the severity of the sanction of dismissal with prejudice, we cannot say that the court's action in this case amounted to an abuse of discretion. Without stressing the history of this litigation prior to the motion to discover in February, 1975,[1] plaintiff's actions still amply justify dismissal.

The defendant's motion itself was reasonable enough, detailing the expected relevance of the diaries and agreeing that, "[s]hould the plaintiff so state in writing", defendants would keep the contents of the diaries confidential except as to attorneys and parties in the lawsuit, would not permit copies of the diaries to be made, and would return the diaries to plaintiff at the conclusion of the litigation. Plaintiff, however, did not seek any type of protective order under Rule 26(c), Fed.R.Civ.P., or even "state in writing" a desire for protective provisions. Indeed, he did not respond to the motion at all within the thirty day period specified in Rule 34(b), Fed.R.Civ.P., much less state the reasons for his objection to the request as the Rule requires. Only after nearly two months had passed and the court had entered a show cause order did Ramsay act; he then submitted not a Rule 34 response but a motion to quash discovery. The court denied this motion and again requested him to file his brief in response to the motion for discovery, this time by April 30. When that date arrived, Ramsay sought and was granted an extension of time to May 12, citing his duties to his clients as the reason for further delay. On May 12, still another extension was sought and granted by the court, giving Ramsay still another week to assert the defenses to the motion he deems meritori-ous. No brief arrived on the appointed date, but one day later the plaintiff stated in a letter to the court that he expected to file the brief within a week.

Almost three months later, on August 5, the promised brief still had not arrived. The district court on that date entered an order requiring Ramsay to permit discovery of the diaries by August 15. Plaintiff failed to do so and instead filed a motion to vacate the order on the ground that motions to dismiss the claim, which had long been pending, should be first ruled upon. The court, exhibiting great patience, denied the motion to vacate and permitted Ramsay still another week, to September 2, to comply with the discovery order. As had been done in the April order to show cause and the original discovery order of August 5, the court clearly stated that a failure to comply with the order would result in dismissal of the action.

Again plaintiff failed to produce the diaries. He instead made a motion for interlocutory appeal under 28 U.S.C. § 1292(b), despite his recognition that the issue of diary discovery was a "side issue" in the case. Since § 1292(b) clearly permits only appeals involving "a controlling question of law" whose resolution "may materially advance the ultimate termination of the litigation", the motion was virtually frivolous. On September 19, in response to a motion by defendant, the court entered the order of dismissal which is the subject of this appeal.

The foregoing clearly demonstrates to us that, contrary to plaintiff's contention, this case does not involve only the propriety of the August order to permit discovery of his diaries. The court dismissed this action not merely for failure to comply with that order, as it could have under Rule 41(b), but for a long pattern of conduct which amounted to want of prosecution. Nearly all of the factors which have been deemed

---

1. We also need not rely on the fact that plaintiff suffered dismissal of a parallel state court action rather than comply with an order to permit inspection of the diaries, despite provision in the order for protective features of the type plaintiff now seeks. *See Ramsay v. Santa Rosa Med. Center,* 498 S.W.2d 741 (Tex.Civ. App.1973), writ ref. n. r. e. *app. dism'd and cert. denied,* 417 U.S. 938, 94 S.Ct. 3062, 41 L.Ed.2d 661 (1974).

sufficient to support such a dismissal are present in this case. We have significant periods of total inactivity by plaintiff. *See Murrah v. Fire Ins. Exchange,* 480 F.2d 613 (5 Cir. 1973); *Salmon v. City of Stuart,* 194 F.2d 1004 (5 Cir. 1952). We have repeated warnings that dismissal would result from continued failure to proceed properly. *See* C. Wright & A. Miller, *supra,* § 2370, at 205–07 and cases cited therein. We have not one but several failures to obey rules and court orders. *Delta Theatres, Inc. v. Paramount Pictures, Inc.,* 398 F.2d 323 (5 Cir. 1968), *cert. denied,* 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); *Sheaffer v. Warehouse Emp. Union Local 730,* 132 U.S.App.D.C. 401, 408 F.2d 204, *cert. denied,* 395 U.S. 934, 89 S.Ct. 1996, 23 L.Ed.2d 449 (1969).

Finally, we see no adequate excuse for the course of action exhibited here. Plaintiff certainly was entitled to raise and litigate all possible defenses to the motion for discovery of his diaries, but the fact is that he failed to do so over a period of six months, despite repeated warnings and extensions of time. By August, the time for litigating that issue had ended; it was then the defendant's duty to comply with the court's order or to preserve the confidentiality of his diaries by suffering dismissal of the action he had initiated. We agree with plaintiff also that his first obligation as an attorney is to the legal work of his clients. But when an attorney's obligations are such that it is impossible to devote to his own legal affairs the time that is necessary to handle them properly, the obvious

course of action is to engage another attorney to represent him.

For all of the foregoing reasons,[2] we conclude that the court was well justified in dismissing this action under Rule 41(b).

AFFIRMED.

---

2. The question of possible alternative sanctions was not discussed in the briefs, but we believe that it was adequately considered by the court. In *Woodham v. American Cystoscope Co.,* 335 F.2d 551, 556–57 (5 Cir. 1964), this court found that a proper sanction for a failure to respond to a motion to dismiss was for the trial court to decide the motion on the papers before it. This is precisely what the trial court in this case did. With respect to other possible sanctions, such as conditional orders of dismissal or disciplinary action against the attorney, we find that they were not necessary in the context of this case. Here the plaintiff was fully and repeatedly apprised of the possible imposition of the Rule 41(b) sanction. *See* 335 F.2d at 553, 556;

*Connolly v. Papachristid Shipping, Ltd.,* 504 F.2d 917 (5 Cir. 1974). Moreover, this is not a case where we punish by dismissal of his action a plaintiff who "was in no way connected with or responsible for, his proctor's dilatory conduct." *Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885, 889 (5 Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *see id.* at 889 n. 2; *Hassenflu v. Pyke,* 491 F.2d 1094 (5 Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5 Cir. 1972).