Herman GONZALEZ, etc.,
Plaintiff-Appellant,

v.

FIRESTONE TIRE & RUBBER CO. et
al., Defendants-Appellees.

No. 77–3170.

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1980.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Everett Vann Eberhardt, Washington, D. C., for E.E.O.C., amicus curiae.

Hugh E. Hackney, Houston, Tex., Earl S. Hines, Beaumont, Tex., for defendants-appellees.

Marlin Thompson, Orange, Tex., for OCAW Local 4–836, AFL–CIO.

Before SIMPSON, CHARLES CLARK and FRANK M. JOHNSON, Jr., Circuit Judges.

CHARLES CLARK, Circuit Judge:

Herman Gonzalez appeals the dismissal of his action against the Firestone Tire and

Rubber Co. [Firestone] in which he alleged that it violated Title VII and 42 U.S.C. § 1981 by using an unvalidated testing system that discriminated against Spanish-surnamed employees. The district court dismissed Gonzalez's Title VII claim for failure to file suit within ninety days of the first of two right-to-sue letters he received from the Equal Employment Opportunity Commission [EEOC]. Following the failure of Gonzalez's counsel to appear at a scheduled pre-trial conference, the court dismissed his section 1981 claim for failure to prosecute. We reverse and remand.

## I. Factual Setting

An employee of a division of Firestone located in Orange, Texas, Gonzalez filed a charge of discrimination with the EEOC against Firestone in September, 1973, alleging that it had discriminated against him and other minority employees in selecting employees for promotion or transfer to better paying jobs. Specifically, he asserted that Firestone had engaged in discriminatory practices when it rejected his application in August, 1972, for transfer to a "Maintenance Trainee Program" and his applications in October, 1972, for transfer to openings in the Plant Protection department and the plant laboratory. He asserted that, following these events, he continued to list himself as available for transfer, hoping to be transferred into the maintenance department; yet Firestone in September, 1973, hired eight temporary mechanics from outside the plant without ascertaining whether he wished to be upgraded to one of these temporary openings.

After investigating Gonzalez's allegations, the EEOC issued a determination letter to him on April 30, 1973, stating it had concluded that reasonable cause did not exist to believe that Firestone had violated Title VII. The letter indicated the EEOC had found that prior to October 31, 1971, Firestone selected employees for hiring, promotion, training, and transfer partially on the basis of their scores on an unvalidated testing system, and that Firestone continued to administer the tests for the purpose of conducting a validation study.

However, the EEOC concluded that this continued use of the tests was lawful in the absence of evidence showing that it had a disparate effect upon a class of employees. The determination letter ended with the statement:

This determination concludes the Commission's processing of the subject charge. Should the Charging Party wish to pursue this matter further, the Charging Party may do so by filing a private action in Federal District Court within 90 days after receipt of this letter and by taking other procedural steps set forth in the enclosed NOTICE OF RIGHT–TO–SUE.

The notice of right-to-sue informed Gonzalez that he had the right to bring a civil action against Firestone if he wished to pursue his charge further. It unequivocally stated that he would lose this right if he did not file suit within ninety days after he received the notice.

On April 30, 1974, forty-one days after the issuance of the no-cause determination letter and the right-to-sue notice, the EEOC informed Gonzalez and Firestone that, pursuant to its regulations, it had decided to reconsider its earlier determination; that it would notify the parties if it altered the prior determination; and that it would issue a new determination, if necessary, once it completed the reconsideration process. On August 26, 1974, the EEOC issued a second determination letter to Gonzalez in which it concluded that reasonable cause existed to believe that Firestone had violated Title VII. It found that Firestone's continuation of its testing program, ostensibly for the purpose of conducting a validation study, had a "chilling effect" on minority applicants. The letter noted that Firestone had not yet furnished the EEOC with documentation of the validation study and that Firestone's current collective bargaining agreement specified one of the criteria for the selection of employees for the Maintenance Trainee Program to be "grades attained on battery of tests selected and validated to provide information on aptitudes, interests and abilities to successfully per-

form the required work and complete the required curriculum." The EEOC concluded that Firestone's use of the unvalidated testing procedure had restricted Gonzalez's ability to qualify for transfer to the Maintenance Trainee Program and that, as a result, Gonzalez had "suffered tangible and ascertainable economic loss based on his national origin." The EEOC then invited the parties to resolve the discrimination charge informally.

The EEOC's efforts at reconciliation failed, and on August 18, 1976, it issued a second right-to-sue notice to Gonzalez. On November 19, 1976, he instituted this action. Gonzalez alleged that Firestone had violated Title VII and 42 U.S.C. § 1981 by using a discriminatory testing system that denied him and other Spanish-surnamed employees hiring, promotional, earning, training, and transfer opportunities. Gonzalez sought relief individually and on behalf of all of Firestone's past, present, and prospective Spanish-surnamed employees, and he requested the district court to grant injunctive relief, compensatory and punitive damages, and attorney's fees.

In its answer to Gonzalez's complaint, Firestone denied that it had engaged in discriminatory practices and asserted that Gonzalez's claims were barred by the applicable statutes of limitation and the equitable doctrine of laches. Firestone then filed a motion requesting the court to dismiss Gonzalez's action for lack of jurisdiction and for failure to state a claim upon which relief could be granted. In support of its motion, Firestone asserted that the discriminatory act alleged by Gonzalez was its failure to transfer or promote him to a better job in September, 1972; yet he did not file a charge of discrimination with the EEOC until September, 1973, and did not file suit against Firestone until November, 1976. It argued that under 42 U.S.C. § 2000e–5(e) his failure to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act should bar his

Title VII claim and that the two-year statute of limitations prescribed by Tex.Rev. Civ.Stat. art. 5526 barred his section 1981 action. Firestone also urged that Gonzalez's failure to file suit within ninety days of his receipt of the first right-to-sue notice prevented the court from having jurisdiction over his Title VII claim.

In response to Firestone's motion to dismiss, Gonzalez contended that he had predicated his causes of action under Title VII and section 1981 upon allegations of continuing discrimination and that he had initiated this action within ninety days of his receipt of the second notice of right-to-sue.

The district court dismissed Gonzalez's Title VII claim, but it denied the motion to dismiss his section 1981 claim. However, when Gonzalez's counsel failed to appear at a scheduled pre-trial conference, the district court granted Firestone's motion to dismiss his section 1981 claim with prejudice for failure to prosecute.

On this appeal Gonzalez argues (A) that he met the ninety-day limitations period set by 42 U.S.C. § 2000e–5(f)(1) by filing suit within ninety days of his receipt from the EEOC of the second notice of right-to-sue, urging, in the alternative, that the ninety-day requirement should be equitably modified because he was misled by the actions of the EEOC; (B) that the district court abused its discretion in dismissing his section 1981 claim solely for the failure of his counsel to appear at a pre-trial conference; and (C) that he had timely asserted his claims because Firestone's discriminatory practices constituted continuing discrimination.

## II. Dismissal of Gonzalez's Title VII Claim

Gonzalez and the EEOC, appearing as amicus curiae, assert that the district court erred in dismissing Gonzalez's Title VII claim for failure to file suit within ninety days of his receipt of the first notice of right-to-sue issued to him by the EEOC.[1]

---

1. In its order dismissing Gonzalez's Title VII action, the district court did not articulate a reason for the dismissal. In its motion seeking

dismissal, Firestone argued that Gonzalez's Title VII action should be dismissed for failure either to file a charge of discrimination with the

They urge that by notifying the parties within that ninety-day period that it would reconsider the initial no-cause determination, the EEOC effectively vacated the determination upon which the notice of right-to-sue depended for its validity. In the alternative they argue that because the actions of the EEOC misled Gonzalez into believing that he did not have to file suit within the first ninety-day period, the time period in which he was required to file should be equitably tolled.[2]

Firestone responds by urging that once the EEOC issues a right-to-sue notice to a charging party, he must filed his Title VII claim within the time limits prescribed by 42 U.S.C. § 2000e–5(f)(1) to give the district court jurisdiction over the action. It argues that the EEOC has no authority under the statute or its regulations to issue a second notice of right-to-sue. Noting that the first notice of right-to-sue received by Gonzalez clearly and unambiguously indicated that he would lose his right to bring a private civil action based on his charge of discrimination if he did not file his suit within ninety days, Firestone contends that Gonzalez could not have been misled by the actions of the EEOC and that the circumstances do not warrant equitable tolling of the limitations period.

Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), dictates that upon receipt of notification from the EEOC of either its dismissal of the charge of discrimination or its failure to negotiate a conciliation between the parties, the party who filed the charge must file suit within ninety days or forfeit his right to bring a private civil action.[3] The ninety-day limitations period, however, begins to run only upon receipt by the charging party of unambiguous notice that the EEOC has terminated its administrative processing of the charge and has decided not to sue. *See Page v. U. S. Industries, Inc.,* 556 F.2d 346 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978); *Zambuto v. American Telephone & Telegraph,* 544 F.2d 1333 (5th Cir. 1977). The issue confronting us in this case is the effect upon the ninety-day limitations period of a reopening of the administrative processing of a charge of discrimination.

The EEOC regulations in effect when Gonzalez filed his charge of discrimination provided that a determination issued by the EEOC was final; yet they allowed the district directors, or other designated officers of the EEOC, to reconsider the determina-

---

EEOC within 180 days of the alleged discriminatory event or to file suit within ninety days of his receipt of the first notice of right-to-sue. Had the district court based the dismissal upon a finding that Gonzalez did not file his charge of discrimination within 180 days of the last discriminatory event complained of, then Gonzalez's section 1981 action would have been barred by the two-year limitation period set by Texas law since it was not filed until more than four years after Gonzalez filed his charge. The district court, however, denied Firestone's motion to dismiss the section 1981 claim for lack of jurisdiction. We assume the district court acted consistently in its analysis of the separate actions. Such an assumption indicates that it based its dismissal of the Title VII claim upon Gonzalez's failure to file suit within ninety days of the first right-to-sue notice.

2. Because of our holding on the main issue here, we do not reach this alternative contention.

3. Section 706(f)(1) provides in part:
 If a charge filed with the Commission pursuant to subsection (b) of this section is dis-

missed by the Commission, or if within 180 days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.
42 U.S.C. § 2000e–5(f)(1).

tion on their own motion at any time with the requirement that they promptly notify the affected parties of their subsequent decision on reconsideration.[4] 29 C.F.R. § 1601.19b(d) (1977) (amended version at 29 C.F.R. §§ 1601.19(g), –.21(d) (1978)). The regulations concerning the issuance by the EEOC of a notice of right-to-sue, however, do not provide for the issuance of a second notice of right-to-sue following the reconsideration of a prior determination. *See* C.F.R. §§ 1601.25, –.25b, –.25c (1977) (amended version at 29 C.F.R. § 1601.28 (1978)). Some courts have held that the EEOC lacks the authority to issue a second right-to-sue notice on the ground that to grant such authority to the EEOC would vitiate the limitation periods mandated by Congress in favor of ad-hoc determinations by the EEOC. *See Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027 (9th Cir. 1975); *Ford v. General Motors Corp.,* 452 F.Supp. 355 (E.D.Mo.1978); *Fannie v. Chamberlain Manufacturing Corp.,* 445 F.Supp. 65 (W.D. Pa.1977). In none of these cases, however, did the EEOC issue the second right-to-sue notice after a reconsideration of its initial determination which began, with notice to both parties, prior to the expiration of the period in which the plaintiff could permissibly file suit under the first right-to-sue notice.

In the interests of accuracy and fairness, the EEOC should be able to reconsider a determination whenever such reconsideration would not prejudice the parties before it or violate the legislative purpose for which it was created. Neither situation exists here. The EEOC notified both parties that it had decided to reopen its administrative process and that its prior conclu-

sion of finality was revoked. Firestone has not shown that any prejudice to it resulted from the reconsideration. Certainly it cannot claim a vested right in the EEOC's prior determination that the investigatory process was at an end or in the conclusion that it was not guilty of discrimination in its use of the testing program. It did not in any way rely on the prior determination to its detriment. Less than half of the period in which Gonzalez could permissibly file suit had run prior to the notice of reconsideration. A contrary conclusion—that an EEOC notice once issued, no matter how flawed, could never be reconsidered—could lead to unnecessarily harsh results for the party suffering the burden of the erroneous conclusion.

 The EEOC may issue a second ninety-day right-to-sue notice upon completion of a discretionary reconsideration of a prior determination provided it has given notice to both parties of its decision to reconsider within the ninety-day period provided by the initial notice of right-to-sue. A party may challenge the validity of that reconsideration and second notice only by showing that the sole purpose of reconsideration was to extend the initial notice period. The district court's dismissal of Gonzalez's Title VII claim for failure to file suit within ninety days of his receipt of the first notice of right-to-sue issued to him by the EEOC was improper.

## III. Dismissal for Failure to Prosecute

Gonzalez contends that the district court abused its discretion in dismissing his section 1981 claim for want of prosecution, arguing that his counsel's failure to appear

---

4. 29 C.F.R. § 1601.19b(d) (1977) provides:

 (d) The District Directors, or other designated officers, on behalf of the Commissioner, may, upon completion of an investigation, dismiss charges, make an issue determination as to reasonable cause, and serve a copy thereof upon the parties, and make and approve conciliation agreements in those cases where such authority has been delegated to them by the Commission. The determination is final when issued; therefore, requests for reconsideration will not be granted. The District Directors, or other designated officers,

may, however on their own motion, reconsider their determination at any time and, when they do so, they shall promptly notify the aggrieved person, the person making the charge on behalf of the aggrieved person, where applicable, and the respondent, or in the case of a charge filed under § 1601.10, the person aggrieved, if known, and the respondent of their subsequent decision on reconsideration.
29 C.F.R. § 1601.19b(d) (1977) (amended version at 29 C.F.R. §§ 1601.19(g), –.21(d) (1978)).

at the pre-trial conference did not amount to a clear record of delay or contumacious conduct and, therefore, did not justify dismissal of his claim with prejudice under Fed.R.Civ.P. 41(b). Firestone responds that the dismissal of Gonzalez's section 1981 claim was proper in light of other conduct by Gonzalez and his attorney. Firestone characterizes the failure of Gonzalez's attorney to appear at the pre-trial conference as the culmination of a series of procrastinating actions by Gonzalez that indicated a clear lack of willingness on his part to proceed toward trial.

Fed.R.Civ.P. 41(b) allows a defendant to seek the dismissal of an action for lack of prosecution by the plaintiff or for his failure to comply with an order of the court or the Federal Rules of Civil Procedure.[5] In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382 (5th Cir. 1978); *Lopez v. Aransas County Independent School District,* 570 F.2d 541 (5th Cir. 1978); *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

Dismissal with prejudice, however, is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. Although on an appeal from the imposition of such a sanction this court will confine its review to a determination of whether the district court abused its discretion, we have consistently held that dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists, *Durham v. Florida East*

*Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir. 1967), and "a lesser sanction would not better serve the interests of justice," *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970). *See Silas v. Sears, Roebuck & Co.,* 586 F.2d at 385; *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212 (5th Cir. 1976); *Ramsay v. Bailey,* 531 F.2d 706 (5th Cir. 1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917, 920 (5th Cir. 1974); *Flaksa v. Little River Marine Construction Co.,* 389 F.2d at 888. Applying this standard, we conclude that the record before us does not reflect that quality of delay or contumacious conduct by Gonzalez or his attorney which would justify the dismissal of his action with prejudice.

At the time the district court dismissed his section 1981 claim, Gonzalez's action had been on file less than ten months. *See Silas v. Sears, Roebuck & Co.,* 586 F.2d at 385; *United States v. Inter-American Shipping Corp.,* 455 F.2d 938, 940 (5th Cir. 1972); *Flaksa v. Little River Marine Construction Co.,* 389 F.2d at 889. Although the district court granted Gonzalez one continuance for approximately five months, the record does not reflect any significant periods of inactivity by him. Firestone has not shown that prior to the date of the pre-trial conference Gonzalez either attempted to delay the proceeding or failed to prosecute his action in an orderly manner. *See Ramsay v. Bailey,* 531 F.2d at 708; *Graves v. Kaiser Aluminum & Chemical Co.,* 528 F.2d 1360, 1362 (5th Cir. 1976); *Flaksa v. Little River Marine Construction Co.,* 389 F.2d at 889.

Firestone argues that the record as a whole clearly demonstrates insufficient prosecutive intent and contumacious indifference to the orders of the district court by Gonzalez or his counsel. Our examination, however, reveals only the single prior fail-

---

5. The pertinent part of the rule states:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this

subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b).

ure by Gonzalez's attorney to comply with an order of the district court concerning his admission to practice before the court. The other failures alleged by Firestone are not apparent from the record, and it would be inappropriate for this court or the district court to base its opinion on assertions outside the record. *See Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974). Nothing in the record indicates that Gonzalez had any knowledge of or bears any responsibility for his attorney's failure to appear at the pre-trial conference. While the attempts of Gonzalez's counsel to explain his absence at the conference are less than adequate, the district court had no reason to believe that his failure to appear resulted from intentional misconduct rather than inadvertence. *See Silas v. Sears, Roebuck & Co.*, 586 F.2d at 385; *Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d at 1362; *Hassenflu v. Pyke*, 491 F.2d at 1095; *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d at 889.

Firestone has not argued that Gonzalez's section 1981 claim is vexatious or fictitious, *see id.*, nor has it alleged that any substantial prejudice to its rights resulted from Gonzalez's failure to appear at the pre-trial conference. *See Silas v. Sears, Roebuck & Co.*, 586 F.2d at 386. The district court did not initiate any action to obtain compliance with its orders prior to entering the dismissal with prejudice, nor had it previously warned Gonzalez or his attorney that a continued failure to proceed properly would result in dismissal. *See id.* at 385; *Ramsay v. Bailey*, 531 F.2d at 708.

In prior cases this court has been reluctant to sustain the dismissal of a plaintiff's action with prejudice for a failure to appear at a pre-trial conference in the absence of evidence of a prior course of dilatory or contumacious conduct. *See Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d 1360 (5th Cir. 1976); *E. F. Hutton & Co. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

The circumstances of this case closely resemble those faced by the court in *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978). There, the plaintiff's attorney failed to attend a pre-trial conference, to answer interrogatories served one month prior to the conference, and to prepare a pre-trial stipulation. While not condoning the inaction of the plaintiff's counsel, the court held that such conduct did not warrant dismissal with prejudice because the suit had been filed only four months before, the district court had made no attempt to obtain compliance with its pre-trial procedures prior to the dismissal, the record did not show any complicity on the part of the plaintiff in the action of his attorney, and the defendant did not allege that any substantial prejudice to his rights had resulted from the plaintiff's conduct.

■ We conclude that the district court abused its discretion in dismissing Gonzalez's action with prejudice for failure to prosecute. The failure of plaintiff's counsel to obtain admission to the bar of court and to appear at the pre-trial conference did not amount to a "clear record of delay or contumacious conduct." This is not to say that a court is powerless to deal with this or a similar dereliction of duty by counsel. On remand, the district court may in its discretion impose such reasonable sanctions, short of dismissal, on Gonzalez or his attorney as it may find appropriate on the basis of the full record of the conduct of Gonzalez and his attorney. We expressly do not decide what sanctions, if any, might be proper. *See Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d at 1362; *Hassenflu v. Pyke*, 491 F.2d at 1095; *Flaksa v. Little River Marine Construction Co.*, 389 F.2d at 889; *Woodham v. American Cystoscope Co.*, 335 F.2d 551, 557 (5th Cir. 1964).

## IV. Jurisdictional Questions

Firestone contends that Gonzalez's charge of discrimination in essence complained of its failure to transfer him to job openings in other departments in August and October of 1972. Since he did not file his charge

with the EEOC until September 21, 1973, which was more than 180 days after the alleged discriminatory event, Firestone argues that his Title VII claim is barred by 42 U.S.C. § 2000e–5(e). Noting that he did not file this action until November 19, 1976, Firestone contends the Texas statute of limitations barred Gonzalez's section 1981 action. In response Gonzalez urges that the pattern of discriminatory conduct engaged in by Firestone constituted a continuing violation and, therefore, his suit should not be time barred.

A. The Title VII Claim

The filing of a charge of discrimination with the EEOC within the time limits prescribed by 42 U.S.C. § 2000e–5(e) is a prerequisite to the maintenance of a Title VII action. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4, 97 S.Ct. 1885, 1887 n.4, 52 L.Ed.2d 571, 576 n.4 (1977). A past act of discrimination for which a party did not file a charge of discrimination with the EEOC within the limitations period is legally equivalent to a discriminatory act that occurred before the enactment of Title VII. Although such a past discriminatory act may continue to effect an employee's present pay and fringe benefits, such an effect does not constitute a continuing violation of Title VII. *Id.* at 558, 97 S.Ct. at 1889, 52 L.Ed.2d at 578. The Court in *Evans* held that "the emphasis should not be placed on mere continuity; the critical question is whether any present violation exists." *Id.* at 558, 97 S.Ct. at 1889, 52 L.Ed.2d at 578.

Due to the procedural posture of this case, the record before us will not permit a determination of whether Gonzalez can establish a continuing violation of Title VII by Firestone. In his complaint Gonzalez alleged that Firestone discriminated against Spanish-surnamed employees by awarding job opportunities on the basis of a discriminatory testing system. He asserted that Firestone continued to subject him and the members of his class to this discriminatory practice at the time the suit was filed.

Where an employee charges an employer with continuously maintaining an illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice. *See Patterson v. American Tobacco Co.*, 586 F.2d 300, 304 (4th Cir. 1978); *Acha v. Beame*, 570 F.2d 57, 64 (2d Cir. 1978). However, where the employer engaged in a discrete act of discrimination more than 180 days prior to the filing of a charge with the EEOC by the employee, allegations that the discriminatory act continues to adversely affect the employee or that the employer presently refuses to rectify its past violation will not satisfy the requirement of 42 U.S.C. § 2000e–5(e) that the plaintiff file his charge of discrimination within 180 days of the discriminatory act. *See Hodge v. McLean Trucking Co.*, 607 F.2d 1118 (5th Cir. 1979); *Bracamontes v. Amstar Corp.*, 576 F.2d 61 (5th Cir. 1978); *McArthur v. Southern Airways, Inc.*, 569 F.2d 276 (5th Cir. 1978) (en banc); *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977). All we can say for the present appeal is that Gonzalez's complaint sufficiently alleged a continuing violation by Firestone to avoid dismissal of his Title VII claim for lack of jurisdiction.

On remand the district court should determine whether Firestone continued to base its selection of employees to receive job opportunities upon scores from an unvalidated battery of tests. If Firestone ceased to utilize such a testing system more than 180 days prior to the filing of Gonzalez's charge with the EEOC, then his Title VII complaint would be barred for failure to comply with 42 U.S.C. § 2000e–5(e) unless he could show either that Firestone's continuing to administer the tests for the purpose of a validation study had a disparate effect upon the ability of Spanish-surnamed employees to obtain job opportunities or that Firestone denied him a promotion or transfer within the 180-day period on the basis of the prior testing. A failure to promote Gonzalez more than 180 days prior to the filing of his charge based on his prior test scores would not constitute a con-

tinuing violation. *See Bracamontes v. Amstar Corp.,* 576 F.2d at 62; *McArthur v. Southern Airways, Inc.,* 569 F.2d at 277.

B. The Section 1981 Claim

The appropriate state statute determines the limitations period for a claim predicated upon section 1981. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295, 302 (1975). Under Texas law, the two-year limitations period prescribed by Tex. Rev.Civ.Stat. art. 5526 applies to section 1981 actions. *See Dupree v. Hutchins Brothers,* 521 F.2d 236 (5th Cir. 1975); *Guerra v. Manchester Terminal Corp.,* 498 F.2d 641 (5th Cir. 1974). The filing of a charge with the EEOC does not toll the statute of limitations applicable to a section 1981 claim based on the same discriminatory event. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. at 463–66, 95 S.Ct. at 1721–23, 44 L.Ed.2d at 303–305. Thus, the Texas statute of limitations bars Gonzalez's section 1981 claim unless he can show that Firestone continued to engage in discriminatory practices within two years of his filing suit. As with the Title VII claim, a determination of whether Gonzalez can show such a violation by Firestone must be left for the district court on remand.

REVERSED and REMANDED.