**James A. JONES, Plaintiff,**

v.

**CRYOGENIC ENERGY COMPANY, Defendant.**

**Civ. A. No. 81–K–496.**

United States District Court, D. Colorado.

Feb. 1, 1982.

Mitchell Baker, Denver, Colo., for plaintiff.

Rodrick J. Enns, Dennis A. Graham, Lohn & Barnhill, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff alleges in this case that the defendant committed unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. In particular, plaintiff alleges that the defendant practiced employment practices that were more favorable toward a particular white employee and toward white employees in general than they were toward the plaintiff, a black employee.

In a related case, Civil Action No. 81–K–706, the same plaintiff alleges that the same defendant practices unlawful employment practices in violation of the same statutes. In that case, the plaintiff alleges several specific employment practices of the defendant that discriminated against blacks.

This case, Civil Action No. 81–K–496, stems from a right-to-sue letter issued by the Equal Employment Opportunity Commission on December 2, 1980. The related

case, Civil Action No. 81–K–706, stems from a right-to-sue letter issued on April 2, 1981. Plaintiff received the first letter on March 13, 1981, and apparently received the second letter some time after April 2, 1981. Plaintiff filed the complaints in both cases on July 1, 1981.

Defendant moved to dismiss the Title VII claims in this case, arguing that they were barred by the 90-day statute of limitations, 42 U.S.C. § 2000e–5(f)(1). Because the defendant relied on a return mail receipt that was not incorporated in the complaint, I converted the motion to dismiss into a motion for summary judgment. Plaintiff has now had an opportunity to respond and the motion is now ripe for determination. I now grant the motion.

## I. STATUTE OF LIMITATIONS

The Tenth Circuit has stated that the 90-day period of 42 U.S.C. § 2000e–5(f)(1) begins to run only when the plaintiff receives notice from the EEOC of his right to sue. *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417 (10th Cir. 1974). However, in this case both parties agree that more than 90 days elapsed between plaintiff's receipt of the right-to-sue letter and the filing of the complaint.[1] Plaintiff argues that the statute of limitations should not apply here because he filed this complaint within 90 days after receiving a right-to-sue letter in the closely related case, Civil Action No. 81–K–706.

In support of this argument plaintiff cites *Trujillo v. General Electric Company*, 621 F.2d 1084 (10th Cir. 1980), and *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980). In *Trujillo* the district director of the EEOC reconsidered and rescinded his first right-to-sue letter to the plaintiff, and then later issued another letter. The Tenth Circuit held that the 90-day

period began to run when the plaintiff received the second letter, even if this period would then extend beyond 90 days after the plaintiff had received the first letter. 621 F.2d at 1086–87. In *Gonzalez*, after issuing a right-to-sue letter, the EEOC notified the plaintiff and the defendant that it had decided to reconsider its decision. Without ever formally rescinding its first letter, it then issued a second letter. 610 F.2d at 243. The Fifth Circuit held that the 90-day period did not begin to run until the plaintiff received the second letter. Id. at 244–46.

I conclude that both of these cases are distinguishable from the present case. In the present case the EEOC never reconsidered or rescinded its first determination. It only issued the second letter because the plaintiff had filed another complaint. In *Trujillo* and *Gonzalez* the controversies embodied in the first complaints were not ripe for judicial consideration until the EEOC issued the second letters because the EEOC was in fact reconsidering its first decisions. In contrast, the controversy embodied in the first complaint here was ripe for judicial consideration as soon as the EEOC issued the first letter.[2] I therefore conclude that the 90-day statute of limitations began to run when the plaintiff received the first letter.

## II. CONSOLIDATION

Both parties agree that this case should be consolidated with the related case, 81–K–706. I therefore order that these cases be consolidated after the defendant answers the remaining claims in this case.

IT IS ORDERED that defendant's motion to dismiss, treated as a motion for summary judgment, is granted. All claims relating to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, are hereby dismissed. It is further

---

1. Chief Judge Winner ordered the appointment of plaintiff's attorney on April 9, 1981, over two months before the expiration of the 90-day deadline. Plaintiff's attorney therefore had ample opportunity to file a complaint within the 90-day period.

2. Because the factual controversies of the two complaints are closely related, the plaintiff may still be able to offer evidence that is relevant to the first claim when litigating the second claim. However, the administrative and judicial procedures on the two complaints were sufficiently disconnected that separate statutes of limitation must apply.

ORDERED that defendant shall answer the remaining claims within 10 days of the date of this order. It is further

ORDERED that, after defendant has answered the remaining claims, this case shall be consolidated with Civil Action No. 81–K–706. All subsequent matters in either case shall be filed under Civil Action No. 81–K–706.