IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40527
Summary Calendar
_____

TREV CLARK,

Plaintiff-Appellant,

versus

LA MARQUE INDEPENDENT SCHOOL
DISTRICT; RUSSEL E. WASHINGTON, JR.,
Chief of Police, Individually and in His Official
Capacity as Chief Of Police for La Marque,
Independent School District; BEN CAVIL,
Individually and In His Official Capacity as
Assistant Superintendent of Administration for
La Marque Independent School District,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CV-668
_____

December 14, 2000

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Trev Clark appeals the dismissal with prejudice of his action under Fed. R. Civ. P. 41(b) because of his counsel's failure to appear at a pretrial conference. Clark contends that the district court abused its discretion in dismissing this action for want of prosecution because no dilatory conduct occurred, and no lesser sanction appropriately was considered.

A dismissal by the trial court under Rule 41(b) is reviewed for abuse of discretion.[1] Such a dismissal with prejudice is considered an extreme sanction, one warranted only when there is a clear record of delay or contumacious conduct by the plaintiff. Further, this sanction is appropriate only when the district court has expressly determined that lesser sanctions would not result in diligent prosecution, or the record reflects that the district court employed lesser sanctions that proved to be futile.[2] This standard applies in situations such as is here presented, and the dismissal is due to counsel's failure to appear at a pretrial conference.[3]

Appellees cite Link v. Wabash Railroad Co.,[4] as authority for this court to uphold the dismissal based on the failure of the attorney to attend a scheduling conference. In Link, the Supreme Court held that the district court did not abuse its discretion because, in addition to the failure to appear at the conference, the drawn-out history of the litigation reflected that the plaintiff had been deliberately

---

[1]Gonzales v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980).

[2]Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992).

[3]Callip v. Harris County Child Welfare Department, 757 F.2d 1513 (5th Cir. 1985).

[4]370 U.S. 626 (1962).

2

proceeding in dilatory fashion.[5] Appellees contend that the action of Clark's counsel in seeking a continuance of the conference on one occasion is evidence of prior dilatory conduct.

In the above-cited Gonzalez case,[6] we held that the district court abused its discretion in dismissing the action based on counsel's failure to appear when the record revealed only one prior failure to comply with an order of the court. We concluded that the record did not reflect the quality of delay or contumacious conduct by Gonzalez or his attorney sufficient to justify dismissal with prejudice. The district court had granted Gonzalez one continuance for approximately five months, but the record reflected no significant periods of inactivity. Further, the district court had not attempted to take any action short of dismissal.[7]

The district court herein abused its discretion in dismissing Clark's action with prejudice based on counsel's failure to appear at the conference when the only previously cited instance of dilatory conduct was in requesting a continuance of that conference. That sole instance is insufficient to warrant dismissal. The record reflects no attempt by the trial court to determine whether lesser sanctions would have sufficed. Nor does the record contain evidence of dilatory prosecution of this matter, particularly in light of the fact that the plaintiff had shortly before complied with the court's order to file a joint report of meeting on discovery.

---

[5]Id. at 633.

[6]610 F.2d at 247-48.

[7]Id. at 247-48.

3

The district court's order and judgment dismissing Clark's action with prejudice is hereby VACATED and this matter is REMANDED for further appropriate proceedings.