[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11734

Non-Argument Calendar

_____

EDWARD EAVES, JR.,

Plaintiff-Appellant,

*versus*

ROCKDALE COUNTY SHERIFF'S OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-04710-JPB

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Edward Eaves, Jr. appeals the district court's dismissal of his complaint, which alleged that the Rockdale County Sheriff's Office violated Title VII of the Civil Rights Act of 1964. Agreeing with the district court that Eaves's claims are barred because he failed to timely file his charge with the Equal Employment Opportunity Commission, we affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 1, 2019, Eaves applied to be a detention officer with the Rockdale County Sheriff's Office. In his application, Eaves disclosed a prior arrest for battery. But a background check uncovered more arrests than Eaves disclosed. On May 24, 2019, Eaves was informed that the Sheriff's Office could not hire him because of his arrest record. And, on May 28, 2019, the Sheriff's Office sent him a letter that his employment application was denied. For the next several months, Eaves attempted to appeal the refusal-to-hire decision, but the Sheriff's Office either refused to change the decision or failed to respond.

On January 7, 2020, Eaves filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that the Sheriff's Office refused to hire him because of his race and age. On August 17, 2021, the commission notified Eaves that it was closing the investigation into his charge and notified him of his right to sue.

On January 7, 2022, Eaves filed the operative amended complaint, attaching his notice of right to sue, his charge of discrimination, the Sheriff's Office's position statement filed with the commission, and his email correspondence with the Sheriff's Office. The complaint alleged three Title VII claims against the Sheriff's Office: (1) an employment discrimination claim; (2) a disparate treatment claim; and (3) a retaliation claim. The Sheriff's Office moved to dismiss the complaint, arguing (among other things) that Eaves's claims were barred because he failed to file his charge with the commission within 180 days of the alleged discrimination.

Both the magistrate judge and the district court agreed with the Sheriff's Office that Eaves's claims were barred. Based on the allegations in the complaint and its attachments, the magistrate judge explained that the Sheriff's Office's refusal to hire Eaves was the discrete act that triggered the 180-day period to file a charge with the commission and that the Sheriff's Office's failure to rectify its past decision did not warrant additional time to file the charge. Because Eaves filed his charge on January 7, 2020—more than 180 days after the Sheriff's Office refused to hire Eaves in May 2019— the magistrate judge recommended that Eaves's complaint be dismissed. Eaves objected to the magistrate judge's recommendation, arguing that he filed a "complaint inquiry" with the commission on December 2, 2019, and that this filing constituted a timely charge. The district court overruled the objection for three reasons: (1) the operative complaint alleged that the formal charge was filed on January 7, 2020; (2) his complaint inquiry was not a formal charge for purposes of the 180-day filing period; and (3) even if it was, the

complaint inquiry was still untimely as it was filed more than 180 days after the Sheriff's Office's refusal to hire Eaves. Thus, the district court adopted the magistrate judge's recommendation and granted the Sheriff's Office's motion to dismiss.

## STANDARD OF REVIEW

We review de novo a district court's ruling on a motion to dismiss, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). In doing so, we review both the complaint and the attachments to the complaint. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim . . . that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## DISCUSSION

Despite conceding that he filed his formal charge on January 7, 2020, Eaves argues that the district court erred in ruling that his claims were barred because he filed a complaint inquiry on December 2, 2019. Because neither the complaint inquiry nor the formal charge was timely filed, we disagree.

Title VII prohibits employers from refusing to hire an applicant based on race. *See* 42 U.S.C. § 2000e-2(a)(1). But "[b]efore a potential plaintiff may sue . . . under Title VII, [he] must first exhaust [his] administrative remedies." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). To do so, the plaintiff must file a

23-11734                Opinion of the Court                5

timely charge of discrimination with the commission. *Id.* (citing 42 U.S.C. § 2000e-5(b)). A charge is timely when filed within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Failure to file a charge within this period bars the underlying claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

To determine whether Eaves's charge to the commission was timely, we must pin down the date of the alleged unlawful employment practice. *See id.* at 110. Each discrete act of discrimination—like a refusal to hire based on race—triggers a 180-day period for filing a charge. *Id.* at 113–14. And "where the employer engaged in a discrete act of discrimination more than 180 days prior to the filing of a charge with the [commission] by the employee, allegations . . . that the employer presently refuses to rectify its past violation will not" trigger an additional 180-days to file the charge. *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 249 (5th Cir. 1980).

In his charge, Eaves alleged that the Sheriff's Office refused to hire him based on race and refused to rectify this decision despite his appeal. The Sheriff's Office refused to hire Eaves on May 28, 2019, and its refusal to rectify this decision occurred on multiple occasions for several months afterwards. The refusal to hire Eaves on May 28, 2019 was the discrete act that triggered the 180-day period to file the charge with the commission. *See Morgan*, 536 U.S. at 114. And the Sheriff's Office's refusal to rectify its past decision did not restart the clock with an additional 180 days to file the charge.

*See Gonzalez*, 610 F.2d at 249. So, Eaves had until November 25, 2019—180 days after the Sheriff's Office refused to hire Eaves on May 28, 2019—to file a charge with the commission. *See* 42 U.S.C. § 2000e-5(e)(1). Because Eaves's "complaint inquiry" and formal charge were both filed after that date, they were not timely. Thus, Eaves's claims are barred, *see Morgan*, 536 U.S. at 109, and the district court did not err in dismissing his complaint.

Eaves argues two points in response. First, he argues that the district court violated his right to due process because the Sheriff's Office, through its attorneys, mailed its motion to dismiss to the wrong address. But Eaves filed three separate responses to the Sheriff's Office's motion to dismiss. So, the district court did not violate Eaves's right to due process because his three filings show that he had everything he was entitled to under the law: notice of the motion, and an opportunity to respond. *See e.g.*, *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ("The core of due process is the right to notice and a meaningful opportunity to be heard.").

Second, Eaves argues that the Sheriff's Office, its attorneys, and the commission colluded against him, resulting in his complaint's dismissal. But, beyond the conclusory allegations in his brief, Eaves provides no evidence to support these claims. Instead, Eaves's complaint was properly dismissed because the allegations and the documents attached to it confirmed that Eaves failed to file a timely charge with the commission, barring his claims.

**AFFIRMED**.