Sherri Bridges WOLF

v.

**EAST TEXAS MEDICAL CENTER.**

**Civil Action No. 6:06cv542.**

United States District Court,
E.D. Texas,
Tyler Division.

Oct. 3, 2007.

William S. Hommel, Jr., Attorney at Law, Tyler, TX, for Plaintiff.

Anita Marie Alessandra of Ashcraft Law Firm, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEONARD DAVIS, District Judge.

This case was filed on December 18, 2006, alleging that the Plaintiff's employer, East Texas Medical Center ("ETMC"), discriminated against her due to her age in violation the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 651 *et seq.* ("ADEA") and, alternatively, due to her gender in violation of Title VII, 42 U.S.C. § 2000e *et seq.* On August 17, 2007, ETMC filed a Motion for Summary Judgment (Docket No. 20). A response was filed by Plaintiff on September 10, 2007 and a reply was filed by Defendant on September 17, 2007. The Court heard arguments from counsel on September 27, 2007. At the Court's request, the parties filed supplemental briefing on October 1, 2007. For the reasons stated below, the Court **GRANTS** in part and **DENIES** part the Motion for Summary Judgment.

## BACKGROUND

Plaintiff is a former employee of ETMC. Her last date of employment was March 26, 2005. She filed this lawsuit on December 18, 2006, asserting an age discrimination claim pursuant to the ADEA and, alternatively, a gender discrimination claim pursuant to Title VII.

Plaintiff started working for ETMC on August 27, 2001 as a Help Desk Specialist in the Information Technology Department. She was promoted to the position of Senior Help Desk Specialist on November 16, 2003, which involved answering telephone calls from doctors and nurses at the hospital about computer-related problems. In 2004 and early 2005, Plaintiff inquired about and asked to be considered for a job in Technical Support as a Technician, which would involve performing on-site maintenance on computers and printers at the hospital. Plaintiff asserts that interviews were conducted for Technician openings in January 2005. She complains that she was not offered a position as a Technician and that three or four men were hired in March 2005 for Technician jobs in the Technical Support section. Plaintiff believed that the men hired in

March 2005 were less qualified than her for the Technician jobs and that she did not receive the position because she is female.

Also in March 2005, ETMC hired a 29-year-old man named Martin Fitzgerald for the position of Program Coordinator in the Referral Services Department. Plaintiff complains that she was not offered this position and that the position was filled by a younger man, who she believed was less qualified for the position. Plaintiff was 45 years old at the time that Fitzgerald was hired. Plaintiff testified in her deposition that she knew on or before March 26, 2005 that Fitzgerald had been selected for the position, that she believed she was more qualified for the position and that she believed that she had been discriminated against because of her age and gender in not being offered the position.[1] Plaintiff did not return to work after March 26, 2005.

On August 17, 2005, Plaintiff completed and signed a Layoff Questionnaire and a Pre-Charge Questionnaire. EEOC records show that correspondence was received from Plaintiff on August 18, 2005. In the Layoff Questionnaire, Plaintiff states that her actual layoff date was April 8, 2005 and that she believed she was discriminated against because of her age and sex. The Layoff Questionnaire was signed under penalty of perjury and states in its Privacy Act Statement, "[w]hen this form constitutes the only timely written statement of alleg{ed} ... discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s)." Conversely, the closing statement on the unverified Pre-Charge Questionnaire states:

> I am aware that I have 300 days (approximately 10 months) from each date of alleged violation to file a Charge of Discrimination in the State of Texas. It is my responsibility to ensure I have a signed Charge within this time frame on file with the EEOC.

Plaintiff's formal Charge of Discrimination was signed by Plaintiff on March 20, 2006 and filed with the EEOC on March 23, 2006.

ETMC filed a Motion for Summary Judgment asserting that it is entitled to summary judgment because Plaintiff failed to file her Charge of Discrimination within the limitations period. ETMC submits that the alleged acts of discrimination in this case occurred in March 2005. ETMC asserts that any claims of age or sex discrimination for acts committed prior to May 27, 2005 are barred because Plaintiff's Charge of Discrimination was not filed until March 23, 2006 and she had 300 days from the date when alleged unlawful employment practices occurred to file her Charge of Discrimination.

In response, Plaintiff argues that the EEOC was notified of her age and sex discrimination claims when she submitted her Layoff Questionnaire. The questionnaire was dated August 17, 2005 and appears to have been received by EEOC on August 18, 2005. Plaintiff asserts that her earliest allegations of discrimination occurred on December 16, 2004, that her Layoff Questionnaire served as a Charge of Discrimination, and that her Charge of Discrimination was timely filed. In her supplemental brief, Plaintiff continues to assert that the questionnaires meet the

---

1. These facts are taken from Defendant's Motion for Summary Judgment and supporting evidence and are not disputed in Plaintiff's Response to Defendant's Motion for Summary Judgment.

requirements for a charge of discrimination.

In its reply brief, ETMC asserts that Plaintiff's Original Complaint states that her Charge of Discrimination was filed on March 20, 2006 and that this statement amounts to a binding judicial admission. In addition, ETMC contends that Plaintiff's letter and Layoff Questionnaire do not amount to a charge of discrimination. ETMC asserts these same arguments in its recent supplemental briefing and argues, in essence, that no form of questionnaire may be considered a charge of discrimination because the employer is not notified when a questionnaire is filed. ETMC submits that it is irrelevant that the case it primarily relies upon for this conclusion, *Harris v. Honda*, 213 Fed. Appx. 258, 261–62 (5th Cir.2006)(unpublished), does not involve a questionnaire with language similar to the language included in Plaintiff's Layoff Questionnaire—"[w]hen this form constitutes the only timely written statement of alleg{ed} ... discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s)." Alternatively, ETMC argues that it is entitled to a partial summary judgment if the Court finds that the language found in the Layoff Questionnaire is sufficient to make it a charge of discrimination, such that any claims not included in the Layoff Questionnaire should be dismissed.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir.1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir.1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that

is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.,* 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1048 (5th Cir.1996) (citing *Little v. Liquid Air Corp.,* 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505.

## ANALYSIS

■ Plaintiff filed the above-styled employment discrimination lawsuit pursuant to Title VII and the ADEA. As a prerequisite to filing a lawsuit pursuant to Title VII, a plaintiff must first file a charge of discrimination with the EEOC within the time limits prescribed by 42 U.S.C. § 2000e–5(e). *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 248 (5th Cir.1980). Pursuant to 42 U.S.C. § 2000e–5(e), in a state where the EEOC routinely transmits complaints to a state referral agency, such as the Texas Commission on Human Rights, a limitations period of 300 days is applicable.[2] In other words, a Title VII plaintiff must file a

charge of discrimination with the EEOC no more than 300 days after learning of an adverse employment decision in Texas, a referral state. *Messer v. Meno,* 130 F.3d 130, 134 (5th Cir.1997).

■ Likewise, as a prerequisite to filing a lawsuit pursuant to the ADEA, a plaintiff must first file a timely charge of discrimination with the EEOC within the time limits prescribed by 29 U.S.C. § 626(d). *Julian v. City of Houston,* 314 F.3d 721 (5th Cir.2002). In Texas, a complainant must file an administrative charge with the EEOC within 300 days of the last act of discrimination. *Id.* at 726. "An individual cannot take legal action in an ADEA case in Texas unless that individual first files an administrative charge within 300 days of the last act of discrimination." *Bettcher v. Brown Schools, Inc.,* 262 F.3d 492, 494 (5th Cir.2001).

In the present case, Plaintiff filed a verified Layoff Questionnaire and an unverified Pre–Charge Questionnaire within 300 days of the alleged discrimination. She filed a form Charge of Discrimination more than 300 days after the alleged discrimination. While Defendant correctly states that an intake questionnaire and a formal charge of discrimination are two separate items, and that Plaintiff admits in the original complaint that the form Charge of Discrimination was filed on March 20, 2006,[3] there is an issue to be resolved as to whether the Charge of Discrimination will relate back to the date of filing of the earlier questionnaires.

The federal regulations pertaining to a charge of discrimination provide an avenue for amendments to charges that will relate back to the original filing date of the

---

**2.** In non-referral states, the time limit is 180 days.

**3.** It appears that the Charge was signed by Plaintiff on March 20, 2005 and was received by EEOC on March 23, 2005.

charge. *See* 29 C.F.R. §§ 1601.12, 1626.8. Federal courts are split on how these regulations apply when, for example, an unverified charge is filed, such as an informal questionnaire, and whether it can be deemed a timely filed charge of discrimination if it is later verified by a formal charge. *Compare Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796–98 (8th Cir.1998) (rejecting claim that a verified charge filed after the deadline related back to convert an intake questionnaire into a timely charge); *Park v. Howard Univ.*, 71 F.3d 904, 908–09 (D.C.Cir.1995)(holding pre-complaint intake questionnaire could not be deemed a valid charge) *with Philbin v. Gen. Elec. Capital Auto Lease, Inc.*, 929 F.2d 321, 322 (7th Cir.1991) *(per curiam )* (holding subsequently verified charge related back to date intake questionnaire was filed to satisfy statute); *Peterson v. City of Wichita, Kansas*, 888 F.2d 1307, 1308 (10th Cir.1989) (holding that an unverified statement by the plaintiff alleging an unlawful employment practice was sufficient to allow the plaintiff to relate his verified charge back to his "timely filing" of the unverified complaint); *Casavantes v. California State Univ., Sacramento*, 732 F.2d 1441, 1442–43 (9th Cir. 1984) (same).

The Fifth Circuit has been confronted with the issue of whether summary judgment is appropriate in a case where an unverified intake questionnaire was filed within the time limit for filing a charge of discrimination with the EEOC. *See Price v. Sw. Bell Tel.*, 687 F.2d 74 (5th Cir.1982).

In *Price*, the plaintiff was fired from her job. Within the time limit for filing a charge of discrimination, the plaintiff met with an Equal Opportunity Specialist in the Dallas office of the EEOC and an EEOC Form 283 (Intake Questionnaire) was completed to record her complaints. The Dallas EEOC office then sent a letter and official Notice of Charge to Southwestern Bell informing Southwestern Bell of the discrimination charge Price filed. Price corresponded back and forth with the Dallas EEOC office but she apparently never filed a "perfected" charge with the EEOC. Price was issued a Right to Sue letter and filed her case in federal court. Upon motion from Southwestern Bell, the district court granted summary judgment and dismissed Price's complaint because Price failed to file a timely, proper charge.

On appeal, the Fifth Circuit noted that 42 U.S.C. § 2000e–5(b) requires that a charge must "be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." *Price*, 687 F.2d at 77. This requirement of verifying the charge is primarily designed to protect employers from frivolous claims. *Id.* at 77 (citing *Weeks v. S. Bell Tel. & Tel. Co.*, 408 F.2d 228 (5th Cir.1969)). The Fifth Circuit also pointed out that 29 C.F.R. § 1601.12(b) provides that a defective charge can be amended to cure defects or omissions, including a failure to verify the charge and such amendments will relate back to the date the charge was first received.[4] In light of the regulation allowing for amend-

---

4. Title 29, C.F.R. § 1601.12(b) states, in relevant part, "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." Similar language is found in 29 C.F.R. § 1626.8.

ments to cure technical or procedural defects, the court determined that the verification requirement is not jurisdictional. *Id.* at 77.[5]

The Fifth Circuit in *Price* was very mindful of the fact that Title VII discrimination charges should be construed with the "utmost liberality" because they are "generally prepared by laymen untutored in the rules of pleading." *Id.* at 78. The purpose of the administrative charge is primarily to provide the Commission with an adequate factual basis to begin its procedures. *Id.* Keeping in mind that summary judgments should only be granted sparingly in Title VII cases,[6] and that the "crucial element of a charge of discrimination is the factual statement contained therein,"[7] the court determined that the conference between Price and the EEOC officer, as well as the resultant unverified intake questionnaire, set the administrative machinery in motion. *Id.* Due to the fact that Price was "unschooled in the law and without the aid of counsel," the court found that it was not unreasonable for her to take no further action within the limitation period and to believe that she had done what she was required to do. *Id.* at 79. Upon a review of the evidence, the court determined that there were material issues of fact concerning the sufficiency of Price's charge that was filed within the time limit, precluding a grant of summary judgment. *Id.*

More recently, the Fifth Circuit issued an unpublished opinion in *Harris v. Honda,* 213 Fed.Appx. 258 (5th Cir.2006). In *Harris,* the plaintiff filed an intake questionnaire alleging that Honda discriminated against him because of his race and age when it did not hire him in July 2003. Harris later filed a charge of discrimination alleging only that Honda discriminated against him on September 1, 2003 when Honda again failed to hire him. Harris' charge of discrimination did not mention the alleged discrimination in July 2003 that was alleged in his intake questionnaire. After his charge of discrimination was dismissed, Harris filed a federal lawsuit. In his federal lawsuit, Harris alleged discrimination in July 2003. The district court determined that Harris failed to exhaust his administrative remedies because the charge of discrimination did not allege discrimination in July 2003.

On appeal Harris argued, among other things, that the federal court had jurisdiction to consider his claim because he included the allegation of discrimination in July 2003 in his intake questionnaire. In essence, he argued that his intake questionnaire should be viewed as a charge of discrimination. The Court found that the factual allegations in the intake questionnaire were not related to the allegations in the later charge of discrimination filed by Harris and that Harris' intake questionnaire on its own did not "meet the most basic of the statutory requirements for a charge of discrimination" because it was not under oath and because the employer did not receive notice. *Id.* at 261–62.

▮ The present case is factually very different than *Harris*. In *Harris*, the question was whether an unverified intake

---

**5.** *See Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), in which the Supreme Court established that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling."

**6.** *Jones v. W. Geophysical Co. of Am.,* 669 F.2d 280, 283 (5th Cir.1982).

**7.** *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 462 (5th Cir.1970).

questionnaire, standing on its own, would be considered a charge of discrimination. Harris's later charge of discrimination was factually unrelated to his intake questionnaire. In this case, Plaintiff filed a verified Layoff Questionnaire with an unverified Pre–Charge Questionnaire, and later filed a Charge of Discrimination concerning the same factual allegations. In its briefing, ETMC acknowledges that Plaintiff's questionnaires meet the information requirements for a charge of discrimination, but argues that the questionnaires cannot be considered a charge because of the EEOC's failure to provide notice to ETMC, but that is the one thing Plaintiff had no control over.

The Layoff Questionnaire form submitted with the Pre–Charge Questionnaire included explicit language stating that it would be considered a sufficient charge of discrimination if it was the only form that was timely filed. This language was not at issue in the cases relied upon by ETMC. The Court construes this express statement by the EEOC on its own form according to its plain meaning. It would be unreasonable and unfair to the Plaintiff to ignore the express language found in the questionnaire and the construction of the regulations by the Fifth Circuit in *Price* solely because the EEOC failed to do something over which Plaintiff had no control, that is, to provide notice to ETMC. With these facts, Plaintiff's verified Layoff Questionnaire should be construed as a timely charge.

 ETMC asserts an alternative argument that Plaintiff should be limited to her layoff claim if the Layoff Questionnaire is construed as a timely charge. Although the reasoning of the *Price* case and 29 C.F.R. § 1601.12(b) permit Plaintiff's later formal charge of discrimination filed in March 2006 to be construed as an amendment of Plaintiff's initial charge of discrim-

ination, the regulations confine amendments to "additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge." 29 C.F.R. § 1601.12(b); *see Price,* 687 F.2d at 78 (" 'the crucial element of a charge of discrimination is the factual statement contained therein' ") (quoting *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 462 (5th Cir.1970)). Plaintiff, therefore, is limited to the factual allegations asserted in the Layoff Questionnaire, which is her initial charge of discrimination, and factual allegations asserted in the amended charge—the charge filed in March 2006—that are related to or grow out of the subject matter included in her Layoff Questionnaire. In her Layoff Questionnaire, Plaintiff alleges that her employment was terminated and that she was replaced by a younger, white male. Factual allegations that were asserted in the Pre–Charge Questionnaire or the March 2006 charge that are not related to or grow out of this layoff claim were not timely filed and are dismissed.

## CONCLUSION

Therefore, the Court **GRANTS** in part and **DENIES** in part ETMC's Motion for Summary Judgment. The motion is denied to the extent that Plaintiff's Layoff Questionnaire is a timely charge of discrimination. The motion is granted to the extent that Plaintiff did not file a timely charge of discrimination with regard to the claims that were not included in the Layoff Questionnaire, and those claims are dismissed.