

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00094-CV

_____

BLAIRE REID, Appellant

V.

SSB HOLDINGS, INC., D/B/A PROTEC LABORATORY, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 2015-254

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

After Blaire Reid filed her suit against SSB Holdings, Inc., d/b/a Protec Laboratory (Protec) alleging unlawful sexual harassment and retaliatory discharge,[1] Protec filed a plea to the jurisdiction asserting that Reid had not exhausted her administrative remedies under Chapter 21 of the Texas Labor Code.[2] After a hearing, the trial court granted the plea to the jurisdiction and dismissed Reid's claims with prejudice. In this appeal, Reid asserts that the trial court erred because (1) exhaustion of administrative remedies is not jurisdictional and (2) she exhausted her administrative remedies by timely filing an employment discrimination complaint with the Texas Workforce Commission (the Commission). We find that the trial court erred in granting the plea to the jurisdiction.

## I.    Background

In her amended petition, Reid alleged that, on or about May 10, 2013, while she was employed as the personal assistant to Protec's director of operations, a fellow employee began sexually harassing her through text messages. She alleged that, although she reported the harassment to her supervisor and even though Protec had a written policy forbidding sexual harassment and procedures for the investigation and resolution of complaints, nothing was done by Protec regarding her complaint. According to Reid, the fellow employee escalated the harassment over the next few days through telephone calls, voice messages, and in-person

---

[1]*See* TEX. LAB. CODE ANN. §§ 21.051, 21.055 (West 2015).

[2]*See* TEX. LAB. CODE ANN. §§ 21.001–.556 (West 2015 & Supp. 2016) (commonly known as the Texas Commission on Human Rights Act (TCHRA)).

2

statements. Then, on May 14, 2013, when she again reported the harassment to her supervisor, he terminated her employment, stating that she was "causing drama." Reid also alleged that, in October 2013, she filed a discrimination complaint with the Commission[3] based on sexual harassment and retaliation, which was dismissed by the Commission.

Protec filed a plea to the jurisdiction alleging that Reid had not exhausted her administrative remedies by filing a timely complaint of discrimination under Chapter 21 of the TCHRA within 180 days of the alleged discriminatory act. *See* TEX. LAB. CODE ANN. §§ 21.201–.202. Although Protec acknowledged that Reid had filed a complaint with the Commission, in addition to contesting its timeliness, it alleged that the complaint was not made under oath as required by the TCHRA. Therefore, Protec alleged, Reid had not exhausted her administrative remedies.

The evidence attached to the plea to the jurisdiction and Reid's response showed that, on or about October 22, 2013, Reid filed with the Commission, by email, a form promulgated by the Commission's Civil Rights Division entitled "Employment Discrimination Complaint Form" (the complaint form). On the complaint form, Reid indicated that her complaint was for sexual discrimination and retaliation and set forth essentially the same allegations she later made in her amended petition. In addition, Reid responded affirmatively to a question on the form asking, "If we draft your charge and send it to you at your email address, will you print, sign, and return the

---

[3]Claims for employment discrimination under Chapter 21 of the Texas Labor Code are filed with the Commission. *See* TEX. LAB. CODE ANN. §§ 21.0015, 21.201(a).

form that same day?" The complaint form contains the instruction, which Reid followed, to return the form by email to EEOIntake@twc.state.tx.us.

The complaint form did not contain a place for a signature or for a verification. By affidavit, Reid's attorney testified that the complaint form was obtained from the Commission's website and that, upon noticing there was no space for a signature or verification, he contacted the Commission by telephone and was informed that the complaint form was the proper vehicle for submitting a discrimination complaint. By email dated October 25, 2013, the Commission confirmed its "receipt of [Reid's] discrimination complaint." The Commission dismissed Reid's discrimination complaint on or about November 8, 2013, since it found the complaint "insufficient to file a claim of discrimination."

In addition, Reid produced evidence that, by letter dated September 6, 2013, her attorney notified Protec that he was representing her and detailed her claims of sexual harassment and wrongful termination. By letter dated September 30, 2013, the attorneys for Protec notified Reid's attorney of their representation of Protec in connection with the allegations made in his September 6 letter.

On February 28, 2015, a short hearing was held on Protec's plea to the jurisdiction. Five months later, the trial court granted Protec's plea to the jurisdiction and dismissed Reid's claims with prejudice.

## II. Standard of Review

We review a challenge to the trial court's subject-matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). It is the plaintiff's burden to

4

affirmatively plead facts demonstrating the trial court's jurisdiction. *Id.* at 226; *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 321 (Tex. App.—Texarkana 2008, pet. denied). In our review, we initially determine whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally in favor of the plaintiff. *Miranda*, 133 S.W.3d at 226; *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008). When the "plea to the jurisdiction challenges the existence of jurisdictional facts," as in this case, we also "consider the relevant evidence submitted by the parties" and "take as true all evidence favorable to the nonmovant." *Miranda*, 133 S.W.3d at 227–28. Further, all reasonable inferences are indulged, and any doubts resolved, in favor of the nonmovant. *Id.* at 228. Like a summary judgment, if a disputed material fact remains regarding the jurisdictional issue, the plea to the jurisdiction should not be granted. *See id.* When the jurisdictional facts are undisputed, as in this case, we "make[] the jurisdictional determination as a matter of law based on those undisputed facts." *Lueck v. State*, 325 S.W.3d 752, 757 (Tex. App.—Austin 2010, pet. denied) (citing *Miranda*, 133 S.W.3d at 227–28).

## A. Analysis

Section 21.201 of the Texas Labor Code provides that a person claiming to be injured by an unlawful employment practice, or her agent, may file a complaint with the Commission. TEX. LAB. CODE ANN. § 21.201(a). It goes on to require that the complaint be in writing, be "made under oath," state "that an unlawful employment practice has been committed," set forth the facts supporting the complaint, and state sufficient facts to identify the respondent. TEX. LAB. CODE

5

ANN. § 21.201(b), (c).  In addition, Section 21.202 requires that the complaint must be filed within 180 days after the unlawful employment practice occurred.  TEX. LAB. CODE ANN. § 21.202(a).

The Texas Supreme Court has held that the filing of a complaint with the Commission and pursuing administrative remedies is a mandatory prerequisite to filing a civil suit and that the failure to do so "creates a jurisdictional bar to [an employment] discrimination claim."  *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex. 1991), *overruled on other grounds by In re United States Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010).  In other words, a plaintiff must exhaust her administrative remedies before pursuing a civil suit based on employment discrimination. *Schroeder*, 813 S.W.2d at 488.  Relying on *Schroeder* and other decisions by the Texas Supreme Court,[4] appellate courts have held that the failure to file a complaint with the Commission within 180 days of the alleged unlawful practice deprives the trial court of subject-matter jurisdiction over the claims.  *Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d 740, 745–46 (Tex. App.—Texarkana 2012, no pet.); *Bartosh*, 259 S.W.3d at 321; *see also Lueck*, 325 S.W.3d at 758 n.3 (citing cases that support this proposition).

Nevertheless, in her first point of error, Reid asserts that the trial court erred because exhaustion of remedies is no longer a jurisdictional bar to bringing a civil suit for employment discrimination.  Reid points out that the TCHRA was enacted for, *inter alia*, the express purpose, of executing the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments and that Texas courts look to federal cases interpreting comparable provisions of the

---

[4]*See, e.g.*, *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex.1996) (per curiam); *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929 n.3 (Tex. 1996).

federal statute when reviewing issues arising under Chapter 21. *See* TEX. LAB. CODE ANN. § 21.001(1); *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 505 (Tex. 2012); *Schroeder*, 813 S.W.2d at 485. Reid then argues that the United States Supreme Court has held that filing a timely charge of discrimination with the Equal Employment Opportunity Commission is not a jurisdictional prerequisite to filing a suit under Title VII, but rather a requirement that is subject to waiver, estoppel, and equitable tolling. She further contends that we should follow its reasoning. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Reid also points to *United States Automobile Ass'n*, arguing that, in partially overruling *Schroeder*, the Texas Supreme Court recognized that "[t]he United States Supreme Court has consistently construed Title VII's requirements as mandatory[,] but not jurisdictional." *In re United States Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010). Protec responds that the primary holding of *Schroeder*, i.e., that an action under the TCHRA requires an exhaustion of remedies, has never been repealed, that *Schroeder* was reaffirmed as recently as 2010, and that exhaustion of administrative remedies is an area where the Texas rule differs from the federal rule. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010). It also argues that, to exhaust her administrative remedies, a plaintiff must file a verified complaint with the Commission.

In *Schroeder*, the plaintiff brought suit alleging age discrimination against Texas Iron Works (TIC) in state district court without first filing a complaint with the Commission. *Schroeder*, 813 S.W.2d at 484. TIC moved for, and was granted, summary judgment based on

7

Schroeder's failure to file a complaint with the Texas Commission on Human Rights,[5] and based on the expiration of the limitations period applicable to such a complaint. *Id.* at 485. In rejecting Schroeder's argument that the TCHRA allowed a person claiming employment discrimination to either seek administrative procedures or go directly to court, the Texas Supreme Court held that the legislative intent of the Act was to require a person to exhaust her administrative remedies before seeking judicial relief. *See id.* at 486–88. As a result, the court concluded that "exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the [T]CHRA" and that "Schroeder's failure to file a complaint and to pursue his administrative remedies" created "a jurisdictional bar" to his discrimination claim. *Id.* at 488. In its decision, the court also noted that the TCHRA's requirement that the complaint must be filed with the Commission within 180 days of the alleged unlawful practice "has been held to be mandatory and jurisdictional." *Id.* at 486 (citing *Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ)). It also noted that the time limit to bring suit was mandatory and jurisdictional. *Id.* at 487 n.10; *see* TEX. LAB. CODE ANN. § 21.256.

Subsequent to *Schroeder*, the Texas Supreme Court began taking what it characterized as a "modern direction of policy" regarding subject-matter jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e (1982)). In *Dubai*, the court abandoned its previous long-held policy that viewed the failure of a plaintiff "to establish a statutory prerequisite as jurisdictional," *Id.* (overruling in part *Mingus v.*

---

[5]At the time, the TCHRA required complaints to be filed with the Texas Commission on Human Rights. *See* Act of June 25, 1983, 68th Leg., 1st C.S., ch. 7, §§ 3.01, 6.01, 1983 Tex. Gen. Laws 37, 41, 50, *repealed by* Act of May 12, 1993, 73d Leg, R.S., ch. 269, § 5(1), 1993 Tex. Gen. Laws 987, 1273.

*Wadley*, 285 S.W. 1084 (Tex. 1926)), and instead held that it goes "in reality to the right of the plaintiff to relief." *Id.* at 77 (quoting 21 C.J.S. *Courts* § 16, at 23 (1990)).

The Texas Supreme Court has stated that, since the *Dubai* decision, it has been "reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect." *United States Auto. Ass'n*, 307 S.W.3d at 306 (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009)). In addition, while not overruling its holding in *Schroeder* that exhaustion of administrative remedies under the TCHRA is mandatory and jurisdictional, the court has recognized that several courts of appeals have questioned whether the *Dubai* decision represented a retreat from this position. *Id.* at 307 (citing *Ramirez v. DRC Distribs., Ltd.*, 216 S.W.3d 917, 921 n.8 (Tex. App.—Corpus Christi 2007, pet. denied) (collecting cases)).

In *United States Automobile Ass'n*, the Texas Supreme Court reexamined its statement in *Schroeder* that the time limit to bring suit under Section 21.256 is jurisdictional. *Id.* In its analysis, the court began by examining the statutory language with the presumption "that the Legislature did not intend to make the [provision] jurisdictional; a presumption overcome only by clear legislative intent to the contrary." *Id.* (quoting *City of DeSoto*, 288 S.W.3d at 394). The court noted that, while the statute used mandatory language,[6] nothing in the statute indicated that the requirement was jurisdictional or that noncompliance would result in dismissal for lack of subject-matter jurisdiction. *Id.* at 308.

---

[6]Section 21.256 provides that "[a] civil action may not be brought . . . later than the second anniversary of the date the complaint relating to the action is filed." TEX. LAB. CODE ANN. § 21.256.

In addition, the court considered the statute's purpose. *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 360 (Tex. 2004), *superseded by statute on other grounds*, TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001)). The court concluded that

> [t]he TCHRA was enacted to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964." TEX. LAB. CODE § 21.001(1). It is "modeled after federal civil rights law," *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999), and "[o]ne of the primary goals of the statute is to coordinate state law with federal law in the area of employment discrimination," *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000). Thus, "analogous federal statutes and the cases interpreting them guide our reading of the TCHRA." *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

*Id.* In examining federal decisions, the court observed that "[t]he United States Supreme Court has consistently construed Title VII's requirements as mandatory but not jurisdictional." *Id.* (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 n.3 (1983)).

Finally, the court considered the consequences resulting from each interpretation. *Id.* at 309 (citing *Helena Chem.*, 47 S.W.3d at 495). The court pointed out that interpreting the statute as jurisdictional would leave trial court judgments granting or denying motions for summary judgment based on limitations, and appellate decisions affirming the same, subject to attack since those courts would be without power to render those decisions. *Id.* at 310. The court stated that "[i]t is preferable to 'avoid a result that leaves the decisions and judgments of [a tribunal] in limbo and subject to future attack, unless that was the Legislature's clear intent.'" *Id.* (quoting *City of DeSoto*, 288 S.W.3d at 394). This analytical framework to determine whether a statutory

10

requirement is jurisdictional or only mandatory is consistent with "the analysis that the [S]upreme [C]ourt has employed in other post-*Dubai* cases, in keeping with the predominant trend to view most statutory prerequisites as mandatory but not jurisdictional." *Lueck*, 325 S.W.3d at 760 (citing *City of DeSoto*, 288 S.W.3d at 393; *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008), *superseded by statute*, Tᴇx. Lᴀʙ. Cᴏᴅᴇ Aɴɴ. § 61.051(c) (West Supp. 2016*)*; *Loutzenhiser*, 140 S.W.3d at 354).

Based on its consideration of the statute, its purposes, and the consequences of competing interpretations, the Supreme Court held that the limitations period contained in Section 21.256 was mandatory, but not jurisdictional, and overruled *Schroeder* to the extent it held otherwise. Although *United States Automobile Ass'n* did not expressly overrule *Schoeder*'s primary holding that the exhaustion of administrative remedies is mandatory and jurisdictional, appellate courts are in conflict over whether the exhaustion of administrative remedies is jurisdictional or merely mandatory. *Cf., e.g.*, *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169–70 (5th Cir. 2014) (holding that *United States Automobile Ass'n* implicitly overruled *Schroeder*'s holding that exhaustion of remedies is jurisdictional), *with Ajayi v. Walgreen Co.*, 562 F. App'x 243, 245 (5th Cir. 2014) (per curiam) (holding that *United States Automobile Ass'n* did not overrule *Schroeder*'s holding that failure to file complaint with the Commission within 180 days is jurisdictional defect).

Further, in two cases decided after *United States Automobile Ass'n*, the Texas Supreme Court reaffirmed that exhaustion of administrative remedies under the TCHRA is mandatory, but did not address whether it was also jurisdictional. In *Waffle House, Inc.*, the court reaffirmed its holding in *Schroeder* that the TCHRA requires an exhaustion of administrative remedies, but did

11

not address whether this was a jurisdictional defect. *Waffle House, Inc.*, 313 S.W.3d at 805. Two years later, the Texas Supreme Court again reaffirmed that portion of its ruling that timely filing a complaint with the Commission is a mandatory prerequisite to filing a civil suit, but expressly declined to address the question of whether this requirement is jurisdictional. *Prairie View A & M Univ.*, 381 S.W.3d at 510 n.15, 514. Thus, while we agree that the Texas Supreme Court has not expressly overruled its holding in *Schroeder* that failure to exhaust administrative remedies under the TCHRA is a jurisdictional defect to bringing a civil suit, we also note that subsequent decisions by the court cast some doubt on the continued viability of that holding.[7] However, we need not reach that issue to decide this case.

In this case, Protec has not disputed that Reid filed the complaint form with the Commission and that the complaint form was sufficient in all respects, except that it was not verified. By contrast, the plaintiff in *Schroeder* completely failed to file a complaint with the Commission, and the administrative system of review provided under the TCHRA was not invoked before he filed his civil suit. *See Schroeder*, 813 S.W.2d at 485–86. Thus, the Texas Supreme Court was not presented with the question of whether a plaintiff who files a complaint with the Commission, but fails to verify it, as here, is jurisdictionally barred from bringing a civil suit. Neither party has directed us to, nor have we found, a Texas Supreme Court case addressing the question in this case. As has been seen, however, the Supreme Court has provided a framework for analyzing whether the specific requirements for a complaint contained in the TCHRA are

---

[7]The First Court of Appeals, citing *Chesloff*, has recently analyzed a failure to comply with the TCHRA's administrative exhaustion requirements "as a defense to liability, rather than a jurisdictional bar" in a suit between private parties. *Yeh v. Chesloff*, 483 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2015, pet. filed).

jurisdictional, or "a non-jurisdictional requirement mandated by statute [that] may result in the loss of a claim." *Loutzenhiser*, 140 S.W.3d at 359. Nevertheless, "that failure must be timely asserted and compliance can be waived." *Id.*

First, we look at the statutory language "presuming 'that the Legislature did not intend to make the [provision] jurisdictional[,] a presumption [which may be] overcome only by clear legislative intent to the contrary.'" *United States Auto. Ass'n*, 307 S.W.3d at 307 (quoting *City of DeSoto*, 288 S.W.3d at 394). As has been seen, the statute requires that the complaint be in writing, "made under oath," state "that an unlawful employment practice has been committed," set forth the facts supporting the complaint, and state sufficient facts to identify the respondent. TEX. LAB. CODE ANN. § 21.201(b), (c). The statutory language that a "complaint must be . . . made under oath" makes that provision mandatory. TEX. LAB. CODE ANN. § 21.201(b); *see* TEX. GOV'T CODE ANN. § 311.016(3) (West 2013); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

However, "[e]ven if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional." *Wilkins*, 47 S.W.3d at 494 (citing *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (per curiam)). There is no language in the statute that indicates that the verification requirement is jurisdictional or providing that failure to verify the complaint should result in dismissal. *United States Auto. Ass'n*, 307 S.W.3d at 308; *City of DeSoto*, 288 S.W.3d at 396. To the contrary, the statute provides that "[a] complaint may be amended to cure technical defects or omissions, including a failure to verify the complaint . . . ." TEX. LAB. CODE ANN. § 21.201(e). Thus, the Legislature appears to view the failure to verify the complaint not as a jurisdictional defect, but rather as a technical defect or omission that may be cured.

13

Next we consider the statute's purpose. *United States Auto. Ass'n*, 307 S.W.3d at 308. Since the TCHRA was enacted to execute the policies of Title VII, is modeled after the federal law, and has the goal of coordinating state and federal law regarding employment discrimination, we may look to federal cases interpreting analogous federal statutes in interpreting the TCHRA. *Id.* Under federal law, a charge filed with the Equal Employment Opportunity Commission (EEOC), like a complaint filed with the Commission, is required to be under oath. 42 U.S.C.A. § 2000e-5(b) (West, Westlaw through P.L. 114-229 Oct. 17, 2016). The purpose of filing a charge

> is to provide the EEOC with sufficient information to notify an employer that it has been charged with discrimination and to provide the EEOC with the opportunity to investigate the alleged unlawful practice as well as to provide the EEOC with the opportunity to eliminate any unlawful practice through informal conciliation.

*Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 542 (7th Cir. 1988); *see also Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982).

Further, the purpose of the verification requirement is to "protect[] employers and co-workers 'from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury.'" *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1038 (10th Cir. 2015) (quoting *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 113 (2002)); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 263 (3rd Cir. 2006). Federal courts construe the verification requirement "in the context of Title VII as a whole." *Buck*, 452 F.3d at 263. The United States Supreme Court explained:

> [T]he verification provision is meant to provide some degree of insurance against catchpenny claims of disgruntled, but not necessarily aggrieved, employees. In requiring the oath or affirmation, however, Congress presumably did not mean to affect the nature of Title VII as "a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process."

*Edelman*, 535 U.S. at 115 (quoting *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 124 (1988)).  As a result, the federal courts have generally held that the failure to verify the charge in a Title VII claim is not a jurisdictional bar to filing suit.  *Gad*, 787 F.3d at 1039; *Buck*, 452 F.3d at 262–63; *Conner v. Louisiana Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (per curiam); *Price*, 687 F.2d at 79.  The United States Third Circuit Court of Appeals explained that, since "the verification requirement is concerned only with protecting an employer from *responding* to an unverified charge[, w]hen an employer files a response on the merits, he foregoes the protection that the requirement affords."  *Buck*, 452 F.3d at 263.[8]

Similarly, the Dallas and Corpus Christi Courts of Appeals have held that the failure to verify a complaint under the TCHRA is not a jurisdictional defect.  In *Barth v. Hoffman-La Roche*, the Dallas court held that, since the TCHRA is patterned after Title VII, and the verification requirement for a federal discrimination charge is not jurisdictional, Barth's failure to verify her complaint to the Commission "did not deprive the trial court of subject matter jurisdiction."  *Barth*

---

[8]Although the Fifth Circuit Court of Appeals has held that an unverified intake form filed with the Commission was not sufficient to exhaust remedies under the TCHRA, the court did not address the question of whether the lack of verification was jurisdictional, but whether the intake form could cure deficiencies in the complaint to the TCHR. *Harris v. Honda*, 213 F. App'x 258, 261–62 (5th Cir. 2006) (per curiam).

In *Harris*, the plaintiff filed his intake form on December 27, 2003, alleging that he was discriminated against in July and September 2003. *Id*. at 260.  He filed his complaint with the TCHR on May 5, 2004, alleging discrimination only in September 2003, "and made no reference to any of the July 2003 activities." *Id.*  Harris filed his lawsuit in state district court alleging discrimination in connection with the July 2003, actions and made no reference to any of the September 2003, activities. *Harris v. Honda*, No. 3:04-CV-2629-M, 2005 WL 2416000, at *1 (N.D. Tex. Sept. 30, 2005) (mem. op. and order).  Honda moved to dismiss the lawsuit on the basis that Harris had failed to exhaust his administrative remedies before the TCHR because the July 2003 event raised in the lawsuit was not raised in the complaint to the TCHR. *Harris*, 213 F. App'x at 260.  In response, Harris alleged that notwithstanding his failure to allege both events in the charge, the intake form listed both events and therefore he timely exhausted his administrative remedies as to both events. *Id*. at 261–62.  The Fifth Circuit held that the intake form could not cure the defects in his complaint to the TCHR because the employer was not required to be notified of the charges alleged in an intake form. *Id*.  Accordingly, the Fifth Circuit did not address the question in this case.

15

*v Hoffman-La Roche, Inc.*, No. 05-01-00302-CV, 2002 WL 1225684, at \*6 (Tex. App.—Dallas June 6, 2002, no pet.) (not designated for publication).[9]  In *Wal-Mart Stores, Inc. v. Canchola*, the Corpus Christi Court of Appeals rejected Wal-Mart's argument that Canchola's unverified EEOC intake questionnaire filed with the Commission did not constitute a formal complaint under the TCHRA and that, therefore, Canchola had not exhausted his administrative remedies.  *Wal-Mart Stores, Inc. v. Canchola*, 64 S.W.3d 524, 535 (Tex. App.—Corpus Christi 2001), *rev'd on other grounds*, 112 S.W.3d 735 (Tex. 2003).  Instead, the court, pointing to Section 21.201(e)'s provision that a complaint may be amended to cure technical defects such as a failure to verify the complaint, found that the filing of the unverified questionnaire "suffice[d] to institute administrative review under the TCHRA."  *Id.*  As in this case, Canchola's complaint was dismissed by the Commission at the intake stage.  *Id.* at 533, 535.

Finally, we "consider the consequences that result from each interpretation."  *United States Auto. Ass'n*, 307 S.W.3d at 309.  If the verification requirement is jurisdictional, those courts that have granted judgments on the merits when no verified complaint was filed "would have had no power to do so, nor would appellate courts have had the power to affirm the judgments."  *Id.* at 310; *see Barth*, 2002 WL 1225684 at \*6; *Canchola*, 64 S.W.3d at 541.  The Texas Supreme Court has directed that "[i]t is preferable to 'avoid a result that leaves the decisions and judgments of [a

---

[9]Protec argues that this holding in *Barth* was dicta since it addressed a conditional cross-point and the Dallas court had already affirmed a summary judgment dismissing the plaintiff's employment discrimination claims.  However, the cross-point asserted that the trial court lacked subject-matter jurisdiction since the complaint filed with the Commission was not verified.  *Barth*, 2002 WL 1225684, at \*6.  If the trial court lacked subject-matter jurisdiction, then it would have had no power to grant summary judgment, and the Dallas court would have had no power to affirm the same.  *United States Auto. Ass'n*, 307 S.W.3d at 310.  Therefore, the court's holding that Barth's failure to verify her complaint was not a jurisdictional defect was essential to the court's opinion.

tribunal] in limbo and subject to future attack, unless that was the Legislature's clear intent.'" *United States Auto. Ass'n*, 307 S.W.3d at 310 (quoting *City of DeSoto*, 288 S.W.3d at 394). Conversely, if the verification requirement is not jurisdictional, the respondent may still challenge an unsworn complaint's deficiency both at the Commission and in the trial court.[10]

Since the language of the statute does not clearly express a legislative intent that the failure to verify a complaint filed with the Commission deprives the trial court of subject-matter jurisdiction, the purpose of the statute is not impaired by interpreting the verification requirement as non-jurisdictional, and such interpretation promotes the finality of judgments, we find that Reid's failure to verify her complaint filed with the Commission did not deprive the trial court of subject-matter jurisdiction. Therefore, we find that the trial court erred in granting Protec's plea to the jurisdiction.

We reverse the trial court's order granting Protec's plea to the jurisdiction and remand this case to the trial court for further proceedings consistent with this opinion.


Ralph K. Burgess
Justice

Date Submitted:     June 3, 2016
Date Decided:      October 25, 2016

---

[10]Since it is not necessary to our disposition of this case, we express no opinion regarding the sufficiency of Reid's unverified complaint, and we need not address Reid's second point of error.

17