# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2011

No. 10-60551

Lyle W. Cayce
Clerk

MYRTLE LYNN PREWITT,

Plaintiff - Appellant Cross-Appellee

v.

MISSISSIPPI STATE UNIVERSITY,

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-338

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Myrtle Lynn Prewitt appeals the dismissal without prejudice of her complaint alleging, under various statutes, that Mississippi State University discriminated against her based upon her race and sex. Mississippi State University cross-appeals. Both parties contend that the practical and legal effect of the order is dismissal *with* prejudice because the complaint, if refiled, would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60551

be time-barred because the applicable statute of limitations has already expired.[1] We find that the practical effect of the order is dismissal *with* prejudice. Consequently, we VACATE the district court's order and REMAND the case for further proceedings.

## I.

## A.

Myrtle Lynn Prewitt is an Assistant Research Professor in the Department of Forest Products at Mississippi State University (MSU). Prewitt is an African American female. On December 13, 2006, Prewitt filed a complaint against MSU alleging violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964. She specifically alleged that a white male was being paid more to perform substantially the same tasks. On July 21, 2008, MSU filed its first motion for partial summary judgment. Prewitt's response, which was filed on August 25, 2008, asserted a retaliation claim for the first time—that MSU had retaliated against her for complaining about discrimination by cutting funding for 50% of her salary and informing her that she had one year of funding left for her employment.

On January 7, 2009, the district court, in ruling on the motion for summary judgment, entered an order, which held that Prewitt's retaliation claim was barred because it did not appear anywhere in her complaint or Equal Employment Opportunity Charge. The order also granted summary judgment to MSU on Prewitt's Equal Pay Act claims occurring prior to December 13, 2003 and on her Title VII claim for salary disparity. The court held that Prewitt's

---

[1] Prewitt also appeals issues not embodied within the June 17, 2010 order that dismissed Prewitt's claim. These issues include: (1) whether the district court erred in denying Prewitt's motion to disqualify MSU's attorneys; and (2) whether the district court erred in rejecting Prewitt's market forces/salary compression defense. We decline to decide these issues as doing so is unnecessary in the light of our holding. Because the district court order, which we find is a final judgment of the district court, is vacated and remanded, these issues are preserved for possible subsequent appeal.

No. 10-60551

Title VII hostile work environment claim survived summary judgment. Thus the only matters to be tried were Prewitt's Equal Pay Act with respect to claims arising after December 13, 2003 and her Title VII claims, limited to the issue that she was forced into a hostile work environment.

On May 28, 2009, the judge entered a pretrial order reflecting a pretrial conference that provided an overview of the case by setting forth information about the claims, facts, and anticipated witnesses. The May 28 order stated that Prewitt had two claims that were pending at the time: (1) sex-based wage discrimination in violation of the Equal Pay Act; and (2) a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Nearly six months later, on November 29, 2009, Prewitt moved to amend the pretrial order of May 28, 2009. In the amendment she asserted that the district court erred by asserting that her retaliation claim was not included in her EEOC charge or complaint and, also, that the Lilly Ledbetter Fair Pay Act required the reinstatement of her Title VII disparate compensation claims. The district court authorized Prewitt to file a motion for reconsideration of the earlier order dismissing her Title VII claims and rejecting her retaliation claim.

On January 7, 2010, Prewitt filed a motion for reconsideration, in which she asserted that the Fair Pay Act revived the Title VII compensation claims that the court had dismissed. The district court granted her motion and allowed Prewitt to restate her Title VII compensation claims but it denied her motion to allow a retaliation claim. The district court gave Prewitt and MSU a deadline for amending the pretrial order to reflect this ruling. The parties were unable to reach an agreement by that date. The court referred the issue to a magistrate judge. On May 14, 2010, Prewitt appealed to the district judge an order by the magistrate judge, which prevented her from including her retaliation claims, which the district judge had just dismissed, in the Pretrial Order. On June 7, 2010, the district judge dismissed Prewitt's appeal. In response, Prewitt filed

No. 10-60551

yet another motion for reconsideration of her retaliation claim, which led to the court's June 17, 2010 order dismissing Prewitt's complaint in its entirety, but without prejudice. This is the order appealed, which is now before us.

B.

We first will outline, but only by highlighting, Prewitt's conduct that formed the basis for the district court's decision to dismiss without prejudice her complaint.[2] The district court noted that Prewitt had been represented by three sets of counsel and also had represented herself *pro se* for nearly a year. While proceeding *pro se*, Prewitt submitted to the court various documents prepared by her attorney brother, George Dunbar Prewitt, Jr. ("Brother") who was not an attorney of record in the case at that time. The court warned Prewitt and Brother several times that he must either cease participating in the action or enter an appearance as counsel. These requests were ignored several times.

Further, the court observed that Prewitt had delayed discovery and the trial date several times. The district court had repeatedly forgiven Prewitt's missed deadlines for filing and motions, and it had considered items that she had filed several months late. Prewitt had successfully moved the court to refer the matter to a settlement conference that was ultimately unsuccessful. She also moved for, and was granted, an extension of a trial date so she could spend time with a sick relative. She thrice had requested certification of an interlocutory appeal, the rationale of which baffled the district court. Prewitt's filings at times were confusing. The district court provided in its order examples of "nonsensical arguments [mixed] with legitimate claims." The record is replete with motions, orders, and opinions generated by her filings. Further, several

---

[2] The district court's opinion sets forth at length the details of Prewitt's conduct, which we summarize here. *See Prewitt v. Mississippi State University*, No. 1:06CV338, (N.D. Miss. June 17, 2010).

4

No. 10-60551

claims now pursued by Prewitt were not properly or timely filed, which is the conduct undergirding the June 17, 2010 dismissal order.

Because of the confusion created by Prewitt's conduct, the June 17, 2010 order of the district court concluded that the case "has become an amalgamation of mismatched and vague theories" and dismissed the complaint to allow the plaintiff to start over with a new complaint. The district court noted that to start over might prejudice Prewitt because she will have to wait longer to adjudicate her claims but beginning anew justified this downside for Prewitt because "she is responsible for the delays in this matter and thus brought that prejudice on herself."

## II.

All parties agree that we have appellate jurisdiction over the dismissal of Prewitt's complaint in its entirety and we agree that this dismissal is a final judgment that satisfies the requirements of 28 U.S.C. § 1291. *See Linn v. Chivatero*, 714 F.2d 1278, 1280 (5th Cir. 1983).

We thus turn to the argument of MSU that dismissal was warranted as a sanction and consider whether such a strong sanction is appropriate in the light of the troublesome litigation practices engaged in by the Prewitts. We review dismissals with prejudice under an abuse of discretion standard. *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). "Dismissal with prejudice is [ ] an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Id.* Dismissal with prejudice is "warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (internal citations and quotation marks omitted).

We do not dispute that Prewitt's litigation techniques have been unduly burdensome on MSU and on the court. Prewitt's changes of counsel, filing of inappropriate motions, untimely raising of issues, and the actions of her current

counsel have been vexatious. However, there is no indication in the record that the district court intended to impose the dismissal without prejudice as a sanction. We are sure the district court was aware that it should apply other sanctions to address a party's misconduct before imposing dismissal as a sanction. *See Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385-87 (5th Cir. 1978). And it is for sure that the district court did not intend a dismissal with prejudice, which we have held has occurred here. Our understanding of the goal sought by the district court was the proper management of what it perceived as a tumbled-jumbled case, so that clear claims and clear facts could be presented for a clear decision, first from the court, and then, if necessary and appropriate, from a jury.

With these objectives in mind, the district court may wish to consider other means of managing this case—short of dismissal except as a last resort, which would require that the plaintiff have specific and reasonable notice. This might include ordering the parties to amend the pleadings for purposes of clarity in the light of the history of the case or the court might amend the pretrial order to reflect the court's understanding of the claims to be tried. *See Walker v. Graham*, 32 F. 3d 566, *1 (5th Cir. 1994) (unpublished) (noting that the district court ordered the lawsuit dismissed with prejudice unless the plaintiff amended his pleadings within twenty days); *Silas,* 586 F.2d at 385, n. 3 ("Lesser sanctions which might be appropriate, dependent upon the circumstances of the case at hand, are conditional orders of dismissal or various types of disciplinary action directed at the erring attorney, including perhaps a reprimand by the court, a fine, a finding of contempt, or a prohibition against practicing before the court for a specified period of time.") We are certain that the district court is resourceful, diligent, and patient, and, on remand will proceed appropriately under challenging circumstances. The judgment is VACATED and the case is REMANDED.

No. 10-60551

VACATED and REMANDED.