# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

No. 12-60851
Summary Calendar

Lyle W. Cayce
Clerk

MYRTLE LYNN PREWITT,

Plaintiff-Appellant

v.

MISSISSIPPI STATE UNIVERSITY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-338

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Myrtle Lynn Prewitt ("Prewitt") sued Mississippi State University ("MSU") alleging race and gender-based discrimination in violation of the Equal Pay Act and Title VII of the Civil Rights Act of 1964. A jury returned a unanimous verdict in favor of MSU, the district court entered judgment in favor of MSU, and Prewitt appealed. For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60851

## BACKGROUND

We previously discussed the background of this case at some length in *Prewitt v. Mississippi State University*, 433 F. App'x 270 (5th Cir. 2011). Accordingly, we provide only a short overview of the facts of the case. Prewitt is an African-American woman who serves as an Assistant Research Professor in MSU's Department of Forest Products. On December 13, 2006, Prewitt filed a complaint against MSU alleging violations of the Equal Pay Act and Title VII. In particular, she alleged that MSU was paying her significantly less than a white male was being paid to perform the same tasks that she performed.

After a lengthy course of proceedings in the district court, including appeals to this court, a jury heard Prewitt's claims from August 13 to August 16, 2012. After Prewitt rested her case, but before MSU presented its case, Prewitt made her only motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which the district court denied. At the conclusion of the trial, the jury returned a unanimous verdict in favor of MSU on all of Prewitt's claims.

On September 7, 2012, Prewitt filed a post-trial "renewed" motion for judgment as a matter of law or, in the alternative, motion for new trial under Federal Rule of Civil Procedure 50(b). In this motion, Prewitt alleged, *inter alia*, that the jury panel did not represent a fair cross-section of the community because of an insufficient number of African-Americans on the panel and that the district court prevented Prewitt from fully litigating her case. The district court denied this motion on October 1, 2012.

On October 11, 2012, Prewitt filed a motion for reconsideration in which she claimed, for the first time, that a three-judge panel was required to hear her claims under the Voting Rights Act. On October 15, 2012, Prewitt, "out of [an] abundance of caution," filed a motion for a three-judge panel to hear her

2

No. 12-60851

claims under the Voting Rights Act pursuant to 28 U.S.C. § 2284 and 42 U.S.C. § 1973.  On October 22, 2013, the district court denied the motion for reconsideration and further denied the motion for a three-judge panel on the grounds that (1) the motion was untimely because it had been filed almost two months after the jury had returned its verdict and (2) the motion was unfounded because Prewitt had never alleged in her amended complaint that she had been denied the right to vote or challenged the constitutional apportionment of congressional districts or the apportionment of any statewide legislative body as required by 28 U.S.C. § 2284 and 42 U.S.C. § 1973.  Prewitt thereafter filed this appeal

## STANDARD OF REVIEW

We review *de novo* a district court's ruling on a motion for judgment as a matter of law.  *Brown v. Bryan Cnty.*, 219 F.3d 450, 456 (5th Cir. 2000).  Although our review is *de novo,* our standard of review with respect to a jury verdict is especially deferential.  *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 235 (5th Cir. 2001).

## DISCUSSION

### A.    Motion for Judgment as a Matter of Law

Rule 50 of the Federal Rules of Civil Procedure is structured sequentially. Under Rule 50(a), the district court may resolve an issue against a party by granting a motion for judgment as a matter of law against the party if that party has been fully heard on the issue during a jury trial and the court finds that a reasonable jury would not have legally sufficient evidentiary basis to find for the party on that issue.  FED. R. CIV. P. 50(a).  As to the timing of a Rule 50(a) motion, the text of the rule, as amended in 2006, provides that the movant may do so "at any time before the case is submitted to the jury."  FED. R. CIV. P. 50(a)(2).  The amended Rule 50(a) removed the requirement that the

3

No. 12-60851

motion be raised at the close of all evidence. Under Rule 50(b), if the district court did not grant a motion for judgment as a matter of law made under Rule 50(a), a party may file a "renewed" motion for judgment as a matter of law and may include an alternative or joint request for a new trial. FED. R. CIV. P. 50(b).

Initially, we note that we recently interpreted Rule 50 to mean that "[i]f a party fails to move for judgment as a matter of law under [Rule] 50(a) on an issue *at the conclusion of all of the evidence*, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal." *Md. Cas. Co. v. Acceptance Indem. Ins. Co.*, 639 F.3d 701, 707-08 (5th Cir. 2011) (quoting *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 238 (5th Cir.2001)) (emphasis added). This interpretation supports MSU's argument that Prewitt, by neglecting to raise a Rule 50(a) motion at the close of all the evidence—rather than after only she rested—waived her right to raise a Rule 50(b) motion. On the other hand, the 2006 amendment to Rule 50, permitting motions for judgment as a matter of law to be filed "at any time before the case is submitted to the jury," FED. R. CIV. P. 50(a)(2), supports Prewitt's argument that her motion, made after she rested her case, constituted a valid Rule 50(a) motion that would then permit her to renew her motion under Rule 50(b).

We need not resolve this conflict, however, because we conclude that the district court correctly denied Prewitt's Rule 50(b) motion on the merits. In her Rule 50(b) motion, Prewitt raised numerous arguments that had already been presented to the district court and rejected. Among these arguments, Prewitt claimed that the jury panel did not represent a fair cross-section of the community but both failed to make a contemporaneous objection and provided no evidence that the alleged under-representation of African-Americans was

"due to the systematic exclusion of the group in the jury selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Prewitt also claimed that the jury instructions were "flawed and confusing." However, she did not object when the judge provided her with a copy of his proposed instructions and special verdict form. Next, Prewitt claimed that the district court did not allow her to "fully and fairly litigate" her case and challenges the jury's conclusions with respect to her Equal Pay Act and Title VII claims. Notwithstanding her conclusory allegations, she enjoyed six years of litigation and a four-day trial in which a unanimous jury found that her witnesses and testimony could not support her claimed violations of the Equal Pay Act and Title VII. In light of the unanimous verdict as well as the abundance of evidence in favor of MSU, we cannot say that "the facts and inferences point so strongly and overwhelmingly in [Prewitt's] favor that reasonable jurors could not reach a contrary conclusion." *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002) (internal quotation marks omitted). Therefore, we conclude that the district court did not err in denying Prewitt's motion for judgment as a matter of law.

## B.  Motion for a Three-Judge Panel

Nor did the district court err in denying Prewitt's motion for a three-judge panel under the Voting Rights Act. Prewitt's amended complaint failed to include challenges under 28 U.S.C. § 2284 or 42 U.S.C. § 1971, whereby she could then request a three-judge panel. Section 2284(a) provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284. Section 1971, in relevant part, provides that any violation of the rule that "[a]ll citizens of the United States . . . shall

be entitled and allowed to vote" may form the basis of a request for a three-judge panel under § 2284.  42 U.S.C. § 1971.

Prewitt's amended complaint makes no allegation that she has been denied the right to vote nor does it assert that the apportionment of congressional districts or any statewide legislative body is unconstitutional. Accordingly, Prewitt fails to satisfy the necessary prerequisites for a successful motion for a three-judge court under 28 U.S.C. § 2284 or 42 U.S.C. § 1971 and, therefore, the district court correctly denied Prewitt's motion.

### C.     Miscellaneous Arguments

Prewitt, in her opening brief, lists nineteen issues on appeal.  Included on this list, for example, are whether Judge Guirola should have recused himself merely because Prewitt disagreed with his rulings; whether, in this case, the district court committed "structural error" (on which Prewitt declines to elaborate); whether the district erred in dismissing a separate suit against MSU, which asserted the same claims, from which Prewitt failed to appeal, and which Prewitt failed to include as part of her notice of appeal in this case; and whether the district court erred by failing to include the record from the separate, dismissed suit as part of the record on appeal in this case.  We have reviewed Prewitt's various contentions and conclude that they are supported only by conclusory allegations, not supported by our case law, or otherwise without merit.

### CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.